(No. 37659.—

THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, Appellee, *vs.* RAYMOND TIMPONE *et al.*, Appellants.

*Opinion filed May 27, 1963.*

SUMMERS, WATSON AND KIMPEL, of Champaign, for appellants.

JAMES J. COSTELLO, of Urbana, and THOMAS, MULLIKEN & MAMER, of Champaign, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This eminent domain proceeding was brought by the Trustees of the University of Illinois to acquire a city lot at 605 East Daniel Street in Champaign. The defendant owners, Raymond and Alma Timpone, filed a cross petition alleging that they owned the adjoining lot at 603 East Daniel Street and seeking to recover for damage to that lot. Ray-Dea, Inc., filed a petition for leave to intervene as a defendant. The intervening petition alleged that Ray-Dea, Inc. is the tenant of the adjoining lot, under a written lease from the original defendants, and that it had an interest in the lot taken, in the nature of a license or easement, by virtue of an oral agreement permitting it to use a driveway on the lot taken, to furnish access to the rear of the leased premises.

On motion of the condemnor, the trial court dismissed the cross petition of the original defendants and denied the petition for leave to intervene. The defendants and Ray-Dea, Inc. have appealed directly to this court. Ill. Rev. Stat. 1961, chap. 47, par. 12.

The condemnation suit is still pending in the circuit court and no award has been made. The trial judge has made no finding that "there is no just reason for delaying enforcement or appeal" under section 50(2) of the Civil Practice Act. (Ill. Rev. Stat. 1961, chap. 110, par. 50(2).) The question of the jurisdiction of this court to entertain the appeals must therefore be considered. *Guttman* v. *Schiller,* 23 Ill.2d 323; *Hall* v. *Hall,* 20 Ill.2d 221, 223; *Biagi* v. *O'Connor,* 18 Ill.2d 238, 240.

Before the enactment of section 50(2), the appealability of an order was determined, apart from certain statutory exceptions, by its finality. The requirement of finality serves to obviate the waste, delay, and expense of piecemeal appeals. It also prevents the interruption of orderly processing in the trial court, forecloses appellate review of interlocutory determinations that may ultimately become moot, and it permits a reviewing court to measure the prejudicial effect of an error in the context of the case as a whole.

The requirement of a final judgment to support an appeal was clear enough in most cases, but there were situations in which litigants were left in uncertainty. It was held, for example, that the dismissal of a cross petition in eminent domain was a final decision and thus appealable. (*Johnson* v. *Freeport and Mississippi River Railway Co.* 116 Ill. 521, 524-25.) But an order denying leave to intervene was generally held to be interlocutory, requiring the applicant for intervention to await the conclusion of the whole proceeding before he might appeal. (*Young* v. *Matthiesen and Hegeler Zinc Co.* 105 Ill. 26; *Pfeiffer* v. *Kemper,* 244 Ill. App. 474, 480.) The distinctions were

sometimes finely drawn, and the litigant adversely affected by an order was required to decide at his peril whether the ruling was so far final as to start the running of the time for appeal. See *Getzelman* v. *Koehler,* 14 Ill.2d 396; *Biagi* v. *O'Connor,* 18 Ill.2d 238.

Section 50(2) was designed to furnish a predictable guide. It provides: "If multiple parties or multiple claims for relief are involved in an action, the court may enter a final order, judgment or decree as to one or more but fewer than all of the parties or claims only upon an express finding that there is no just reason for delaying enforcement or appeal. In the absence of that finding, any order, judgment or decree which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the action, is not enforceable or appealable, and is subject to revision at any time before the entry of an order, judgment or decree adjudicating all the claims, rights and liabilities of all the parties." The section thus empowers the trial judge to determine whether a partial disposition is final for purposes of appeal. He is familiar with the case as a whole, and can appraise the relation of the remaining issues to those disposed of by the order. If he is inclined to reconsider or revise his ruling, he may preserve that opportunity by declining to make the statutory finding.

Section 50(2) applies in letter and spirit to both of the orders now before us, and they are not appealable in the absence of the requisite finding. The claim presented by the cross petition of the original defendants, like an ordinary counterclaim, may be effectively satisfied, or may become moot, when the entire case is disposed of. (*Cf. Peterson* v. *Gwin,* 17 Ill.2d 261.) The argument of these defendants that the power of eminent domain is here being abused meets the same obstacle, since a ruling on the owner's traverse of the power to take is appealable "only where a final judgment fixing compensation has been entered." *Trustees of Schools* v. *Schroeder,* 23 Ill.2d 74, 77.

The denial of the petition for leave to intervene, which was filed by the tenant of the tract not taken but which asserted an interest in the tract taken, is governed by the same principle. The total award of the fair, cash, market value of the land taken can not be increased by the severance of its ownership, and the legislature has authorized the trial court to defer the division of an award among the several claimants until the total award has been made. (Ill. Rev. Stat. 1961, chap. 47, par. 14; see *Lambert* v. *Giffin,* 257 Ill. 152, 158.) In the absence of the statutory finding, the trial court's denial remains subject to revision until all claims are adjudicated. Under the terms of Rule 54(b) of the Federal Rules of Civil Procedure, the counterpart of section 50(2), the denial of a lessee's claim to participate in a condemnation award has been held nonappealable in the absence of a finding of no just reason for delay. (*Burkhart* v. *United States,* (9th cir.) 210 F.2d 602.) And in the related situation arising under third-party practice, we have held that in the absence of the statutory finding the disposition of a third-party complaint is not appealable while the principal claim remains pending. *Bohannon* v. *Joseph T. Ryerson and Sons, Inc.* 15 Ill.2d 470.

The appeals must be dismissed.

*Appeals dismissed.*