John J. Neal, Plaintiff-Appellee, v. Independent Boiler and Tank Company, an Illinois Corporation, Independent Construction Company, an Illinois Corporation, and Edward T. Wilkens, Defendants-Appellees, Metropolitan Life Insurance Company, Intervenor-Appellant.

Gen. No. 52,974.

First District, Fourth Division.

January 21, 1970.

Rehearing denied February 24, 1970.

Epton, McCarthy, Bohling & Druth, of Chicago (Bernard E. Epton and Ray Jeffrey Cohen, of counsel), for appellant.

Hubachek, Kelly, Rauch & Kirby, Van Duzer, Gershon, Jordan & Peterson, of Chicago (Richard W. Burke, Michael B. Roche, and Louis Gershon, of counsel), for appellees.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Metropolitan Life Insurance Company, as intervenor-appellant, appeals from an order denying it leave to file an amended petition to intervene under section 5(b) of the Illinois Workmen's Compensation Act (Ill Rev Stats 1961, c 48, § 138.5(b)) * in a suit brought by plaintiff

---

* The relevant paragraphs of section 5(b) are:

Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to the provisions of paragraph (a) of Section 8 of this Act.

. . . . . .

If the injured employee or his personal representative shall agree to receive compensation from the employer or *accept from the employer any payment on account of such compensation,* or to institute proceedings to recover the same, the said employer may have or *claim a lien* upon any award, judgment or fund out of which such employee might be compensated from such third party. (Emphasis supplied.)

In such actions brought by the employee or his personal representative, he shall forthwith notify his employer by personal service or registered mail, of such fact and of the name of the court in which the suit is brought, filing proof thereof in such action.

against defendants for personal injuries resulting from an automobile accident.

Appellant's original petition to intervene alleged that: (1) plaintiff was employed by the petitioner, both of whom were operating under the provisions of the Workmen's Compensation Act, (2) plaintiff was injured in an accident which arose out of and in the course of his employment, without the fault of the petitioner, and (3) petitioner paid to plaintiff "in discharge of its liability" $5,000 pursuant to and in accordance with the provisions of the Workmen's Compensation Act. In paragraph 6 of the original petition, petitioner further alleged that the plaintiff had filed an application for adjustment before the Illinois Industrial Commission and that thereafter the claim was fixed and determined by a settlement approved by the Industrial Commission.

Plaintiff moved to dismiss the petition to intervene alleging that no application for adjustment was ever filed before the Industrial Commission and also that no settlement was ever approved by the Industrial Commission. He further alleged that the notice of lien which was served upon him was defective in that the petitioner failed to take the necessary steps to cause a lien to arise pursuant to the provisions of the Workmen's Compensation Act and that there existed no basis upon which petitioner had any lien in the proceedings. The plaintiff prayed that the court enter an order dismissing the alleged lien of petitioner and dismissing petitioner from the proceeding.

In a hearing on the motion to dismiss, the petitioner admitted that no adjustment claim nor settlement was ever filed or approved by the Industrial Commission and asked leave to file an amended petition deleting these

---

The employer may, at any time thereafter join in the action upon his motion so that all orders of court after hearing and judgment shall be made for his protection. . . .

statements. Petitioner also asked for leave to increase the amount of its claimed compensation to $7,983.40.

No evidence was adduced but counsel for defendant in the personal injury suit read from a deposition of the plaintiff in which he stated that on the date of the accident he was driving to a school for certified underwriters to attend a class paid for by the company; that he had to pay for his own transportation to and from school; and that he was not on company business as he drove down to school. On appeal plaintiff urges that this statement clearly demonstrates that plaintiff was not in course of his employment. During the argument before the trial court counsel for plaintiff also contended that the monies paid to plaintiff were not paid as compensation under the Workmen's Compensation Act. The trial court held that since there was a misrepresentation in the original petition as to the filing of a claim and since there was no application to or adjudication by the Industrial Commission, the intervenor had no lien. The court denied petitioner leave to file the petition of December 15, 1967 (hereinafter referred to as the amended petition although it is not so labeled).

Petitioner contends that the court erred in its ruling. It argues that the petition stated sufficient facts to entitle it to leave to file the amended petition. Plaintiff argues that petitioner did not have an enforceable lien since the pleadings showed that no proceedings were filed with the Industrial Commission and no adjudication was ever entered by the Commission. We do not believe that proceedings before the Industrial Commission are a condition precedent to a claim for reimbursement by the employer. The Workmen's Compensation Act refers to payment by the employee to the employer from the amount received by the employee in payment or settlement of employee's suit against a third person. It further states that the employer may, at any time after service upon

him of notice that the employee has filed a suit against the third party, "join in said action upon his [employer's] motion." There is no requirement that the employer serve the employee with any notice of lien. Another provision of the same statute states that the employer "may have or claim a lien." Thus an employer has. the right to join in the lawsuit of the employee for the purpose of getting an adjudication of his "claim of lien" and if his petition shows on its face that the facts stated therein give rise to a claim for reimbursement the court should permit the petition to be filed.

In the instant case the petition alleged that. an employee was injured in an accident which arose out of and in the course of his employment through no fault of his employer and that the employer paid this employee $7,-983.40 compensation pursuant to the Illinois Workmen's Compensation Act. We find that this petition states the necessary grounds for intervention. We make no determination of the merits thereof since plaintiff has the opportunity after leave to file is granted to contest the allegations of the petition on the grounds that plaintiff was not in the course of his employment, that the compensation was not paid under the Workmen's Compensation Act and such other grounds as plaintiff may deem advisable. The merits of the petition will then be determined by the trial court.

Therefore we reverse the judgment and remand with directions to allow the filing of the amended petition and for further proceedings not inconsistent herewith.

Reversed and remanded with directions.

STAMOS, P. J. and LEIGHTON, J., concur.