VETERANS TRAVEL CLUB OF WESTERN ILLINOIS UNIVERSITY et al., Plaintiffs-Appellees, v. ILLINOIS COMMERCE COMMISSION, Defendant-Appellant.

CROWN TRANSIT LINES, INC., Complainant-Appellant, v. VETERANS TRAVEL CLUB OF WESTERN ILLINOIS UNIVERSITY et al., Respondents-Appellees —(VETERANS TRAVEL CLUB OF WESTERN ILLINOIS UNIVERSITY et al., Plaintiffs-Appellees, v. ILLINOIS COMMERCE COMMISSION, Defendant-Appellant.)

(Nos. 12265, 12360 cons.;

Fourth District—October 31, 1973.

William J. Scott, Attorney General, of Chicago, (Peter A. Fasseas, Robert H. Wiorski, and James R. Sullivan, Assistant Attorneys General, of counsel,) for appellant Illinois Commerce Commission.

Olsen & Olsen, of Springfield, for appellant Crown Transit Lines, Inc.

Robert T. Lawley, of Routman & Lawley, of Springfield, for appellees.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

The captioned appeals are consolidated for opinion. This court, on its own motion, entered a rule on the appellant, Illinois Commerce Commission, to show cause why its appeal should not be dismissed for want of a final, appealable order. Appellant Crown Transit Lines, Inc., was ruled to show cause why its appeal should not be dismissed for want of a final appealable order and for want of status to prosecute the appeal.

In early 1971, the Veterans Travel Club of Western Illinois University, Macomb, Illinois, was organized to provide transportation for its members between the University and Chicago. The club received a $3.00 profit on every member transported but leased transporting equipment from the General Coach Co. On September 22, 1971, a Temporary Certificate of Public Convenience and Necessity was issued to Crown Transit Lines, Inc. On May 24, 1972, a Permanent Certificate of Public Convenience and Necessity was issued to Crown Transit Lines, Inc., granting authority to operate between Macomb, Illinois and Chicago. On December 28, 1971, Crown filed a complaint with the Illinois Commerce Commission praying that Veterans and General Coach Co. be required to cease and desist from operating a transportation service in direct competition with Crown's authorized service. On September 20, 1972, the commission entered an order requiring Veterans and General Coach Co. to cease further operations because they were operating as public utilities engaged in the transportation of persons as common carriers in direct violation of certain provisions of the Public Utilities Act. Ill. Rev. Stat. 1971, ch. 111⅔.

On December 4, 1972, Veterans and General Coach filed a notice of appeal to the circuit court of Sangamon County. On January 18, 1973, Crown petitioned the circuit court for leave to intervene for the purpose of seeking enforcement of the commission order. On February 1, 1973,

the circuit court held it lacked jurisdiction and dismissed the appeal because of a provision in Ill. Rev. Stat. 1971, ch. 111⅔, sec. 72, that appeal of any commission order must be made "to the circuit court of the county in which the subject matter of the hearing is situated," and it appeared that the subject matter of the present hearing did not transpire in Sangamon County. After a motion to reconsider the circuit court on February 22, 1973, entered an order transferring the appeal to the circuit court of McDonough County pursuant to Ill. Rev. Stat. 1971, ch. 110, sec. 10(2). It is this order that is being appealed here. We dismiss the appeals for lack of a final order and for Crown's lack of status as a party appellant.

■■ The order of the circuit court from which an appeal is taken must be a final order for this court to have jurisdiction under either Supreme Court Rule 301 or sec. 73 of the Public Utilities Act. It is not contended that the order appealed from falls within any of the exceptions contained in Supreme Court Rules 306 or 307.

■■ A final order must terminate the litigation between the parties on the merits or must dispose of the rights of the parties upon the entire controversy or upon some definite part thereof. (*Brauer Machine and Supply Co. v. Parkhill Truck* (1943), 383 Ill. 569, 50 N.E.2d 836; *Sebree v. Sebree* (1920), 293 Ill. 228, 127 N.E. 392.) In *Village of Niles v. Szczesny* (1958), 13 Ill.2d 45, 147 N.E.2d 371 our Supreme Court first held that an order transferring a cause from one court to another is not a final and appealable order. In *Village of Niles* defendant had been found guilty of violating a fire ordinance by the police magistrate and appealed to the superior court of Cook County. That court held that it was without jurisdiction but transferred the appeal to the criminal court of Cook County. The Village appealed that order to the appellate court which held that the superior court had no power to enter the order of transfer. The Supreme Court reversed and said:

> "The order of transfer in the instant case did not dispose of the rights of the parties either upon the entire controversy or upon some definite and separate part of the litigation. It was not a final order and the Appellate Court was without jurisdiction to entertain the appeal. *The fact that the order was alleged to be, or was, null and void, does not alter the rule. Moffat Coal Co. v. Industrial Com.*, 397 Ill. 196, 201, 202." *Id.* at 48, 49. (Emphasis added.)

The Supreme Court has since reaffirmed its *Village of Niles* holding in *People v. Jiles* (1969), 43 Ill.2d 145, 251 N.E.2d 529.

■■ The order in this case, likewise, neither terminates the litigation between the parties on the merits nor settles the rights of the parties in any respect. This conclusion is not changed by appellants' arguments

that an order of a court without jurisdiction combined with the failure to follow the procedural route provided by the Public Utilities Act in some fashion changes the character of the order. This same contention was rejected in *Moffat Coal, supra,* where the court stated that "A judgment, order or decree of a court that lacked jurisdiction or one that is void for any other reason will be reversed by this court whenever the same is brought before us by any means possible in the particular case; but we can find no provision in any statute and no judicial precedent indicating that a judgment, order or decree which is not final may be reviewed by this court merely because it is, or is alleged to be, null and void." *Supra* at 201, 202. The issue of whether sec. 10(2) of the Civil Practice Act is applicable to supplement certain procedural rules provided by the Public Utilities Act must be first decided by the appropriate forum and be brought before the court on review, if at all, only from the final order of that forum.

■■ Denial of the right to intervene, however, is a final and appealable order. (*Krause v. White* (1950), 341 Ill.App. 322, 93 N.E.2d 429.) Nevertheless, appellant Crown Transit Lines, Inc., has no status to pursue this appeal for the reason that its request to intervene was never ruled upon by the trial court judge. The failure to make a ruling on a motion is not the equivalent of the denial of a motion.

Appeals dismissed.

CRAVEN, P. J., and TRAPP, J., concur.