ELIZABETH A. KOESTER et al., Plaintiffs, v. YELLOW CAB COMPANY et al., Defendants.

LUCILLE A. LASSO, Plaintiff, v. YELLOW CAB COMPANY et al., Defendants —Appellees—(ILLINOIS BELL TELEPHONE COMPANY, Intervenor-Appellant.)

(No. 57604; )

First District (1st Division)—February 19, 1974.

Hackbert, Rooks, Pitts, Fullagar and Poust, of Chicago (Daniel P. Socha and Terrence E. Kiwala, of counsel), for appellant.

Jesmer and Harris, of Chicago (Julius Jesmer, Robert Jesmer, and Charles E. Tannen, of counsel), for appellees Yellow Cab Company and Ernest Mayden.

Mr. PRESIDING JUSTICE EGAN delivered the opinion of the court:

In 1967, a complaint for negligence was filed by employees of Illinois Bell Telephone Company (hereafter Illinois Bell) against Yellow Cab Company (hereafter Yellow Cab) for injuries received while passengers in the defendant's taxicab. Two of the plaintiffs, Elizabeth Koester and Paulina Bastiancic, received benefits from Illinois Bell under the provisions of the Illinois Workman's Compensation Act in the amount of $2,003.11 up to March 1, 1972, and Lucille Lasso filed a petition against Illinois Bell before the Industrial Commission.

On January 28, 1972, the jury returned the following verdict: "We the

jury find for the plaintiffs and against the defendants." There was no printed matter on the verdict form for the assessment of damages. On the same day, the court entered judgment on the verdict in the following form: "Therefore, it is considered by the court, that the plaintiffs do have and recover of and from the defendants their said damages of NIL, in form as aforesaid by the jury, assessed together with their costs and charges in this behalf expended and have execution therefore."

On February 4, Yellow Cab filed a motion for judgment notwithstanding the verdict or in the alternative for a new trial. On March 3, 1972, Illinois Bell filed a petition to intervene, and on March 17 the court granted a new trial to Yellow Cab and denied the petition to intervene. The reason ascribed by the court for the order of denial to intervene was that the court found "plaintiffs were not in the course or scope of their employment." The record does not contain any answers to the petition. The trial judge made his determination that the plaintiffs were not in the course of their employment from the evidence heard at the jury trial. It was not an issue in that trial, and, most important, Illinois Bell did not participate in the jury trial. It is the appeal of Illinois Bell from the order denying its petition to intervene that is before us, and it is Yellow Cab, not the plaintiffs, that has appeared in this court resisting the appeal.

The Workman's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, sec. 138.5(b)) provides:

> "Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to paragraph (a) of Section 8 of this Act.
>
> \* \* \*
>
> If the injured employee or his personal representative agrees to receive compensation from the employer or to accept from the employer any payment on account of such compensation, or to

institute proceedings to recover the same, the employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party.

In such actions brought by the employee or his personal representative, he shall forthwith notify his employer by personal service or registered mail, of such fact and of the name of the court in which the suit is brought, filing proof thereof in the action. The employer may, at any time thereafter join in the action upon his motion so that all orders of court after hearing and judgment shall be made for his protection. No release or settlement of claim for damages for reason of such injury or death, and no satisfaction of judgment in such proceedings shall be valid without the written consent of both employer and employee or his personal representative, except in the case of employers, such consent is not required where the employer has been fully indemnified or protected by Court order."

█▐█ It thus appears that the statute creates only two alternative conditions precedent to the right of the employer to intervene in any action brought by the employee against a third party: The employee agreed to receive or did accept compensation from the employer, or the employee instituted proceedings to recover compensation. And it further appears that those conditions precedent have been met in this case: Illinois Bell has paid compensation to Koester and Bastiancic, and Lasso has instituted proceedings before the Industrial Commission. There is nothing in the statute that provides the employer may not recover unless he can prove in the intervention proceedings that the injury arose out of and in the course of employment. Whether an injury so arose is an issue to be decided between the employer and the employee at the Industrial Commission unless, as in *Bassi v. Morgan,* 60 Ill.App.2d 1, 208 N.E.2d 341, cited by Yellow Cab, a common law action is instituted by the employee against the employer. In that case the court held that the employer had the right to show that the injury occurred in the course of employment and, therefore, the employee's common law action was barred, his only remedy being under the Workman's Compensation Act. *Bassi* does not support Yellow Cab's position here and neither does *Neal v. Independent Boiler & Tank Co.,* 119 Ill.App.2d 440, 256 N.E.2d 38.

█▌ In *Neal,* the petition to intervene alleged, as here, that the employee was injured in an accident which arose out of and in the course of his employment. The only issue in *Neal* was whether proceedings before the Industrial Commission are a condition precedent to the employer's right to intervene. The court held that they were not and reversed a denial

of the right to file an amended petition, adding the following dicta at page 444:

> "We make no determination of the merits [of the petition] since plaintiff has the opportunity after leave to file is granted to contest the allegations of the petition on the grounds that plaintiff was not in the course of his employment, that the compensation was not paid under the Workman's Compensation Act and such other grounds as plaintiff may deem advisable. The merits of the petition will then be determined by the trial court."

The issue in this case was not before the *Neal* court, and we hold that the allegation in the petition that the employees were in the course of their employment when injured is surplusage and need not be proved in the intervention proceedings. To hold otherwise would permit an employee to make a claim with an employer under the Workman's Compensation Act, receive benefits, successfully maintain a common law action against a third party and then resist the employer's right to intervene by taking a position diametrical to the one he took when he received benefits under the Act. Such a result, a double recovery, is precisely what the statute was designed to avoid. *Reno v. Maryland Casualty Co.*, 27 Ill.2d 245, 188 N.E.2d 657; *Continental Casualty v. Sweda*, 113 Ill.App.2d 423, 251 N.E.2d 65.

The defendant contends that the order should be affirmed because the petition was not timely filed. We disagree. The case cited by the defendant, *Walsh v. Central Coal Storage Go.*, 324 Ill.App. 402, 58 N.E.2d 325, is inapposite. At the time of the *Walsh* decision, the Workman's Compensation Act provided that if the third party tortfeasor was also covered by the Act, the right of the employee to recover was transferred to the employer who then had the right to bring a direct action against the tortfeasor to recover the amount for which the employer was liable. The employer in *Walsh* filed a direct action against the third party more than two years after the accident, and the court held that his right to recover was barred by the Statute of Limitations. We are dealing here with a statute that limits the employer to the right to intervene, but it specifically provides that the employer may "at any time [after the employee has filed suit] join in the action upon his motion so that all orders of court after hearing and judgment shall be made for his protection." In *Galvan v. John Caretti Co.*, 6 Ill.App.3d 894, 287 N.E.2d 90, the right of the employer to intervene even after judgment in favor of the employee was upheld. And in *Arnold Lies Co. v. Legler*, 26 Ill.App.2d 365, 167 N.E.2d 813, the court stated that "the employer may intervene at any stage up to the satisfaction of the judgment."

● 5, 6 The defendant also contends that the order denying intervention

is not appealable because it omits the special findings required of Supreme Court Rule 304(a) (Ill. Rev. Stat. 1971, ch. 110A, sec. 304(a)), which states in part:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal."

In our view the rule has no application here because Illinois Bell was not yet a party to the proceedings. While a number of cases involving denial of a petition to intervene have been appealed, the question of the appealability of the order has not been raised by the litigants or, importantly, the courts of review themselves, indicating, it may be fairly argued, tacit recognition that the order is final. (See *City of Chicago v. Harris Trust & Savings Bank*, 12 Ill.App.3d 808, 299 N.E.2d 57; *People v. Thompson*, 101 Ill.App.2d 104, 242 N.E.2d 49; *City of Chicago v. Zik*, 63 Ill.App.2d 445, 211 N.E.2d 545; *Wert v. Burke*, 47 Ill.App.2d 453, 197 N.E.2d 717.) The order denying the petition to intervene completely adjudicated the only immediate claim brought before the court by Illinois Bell, and in our view it is a "final judgment" within the meaning of Supreme Court Rule 301. For these reasons the order denying the petition to intervene is reversed.

Order reversed.

BURKE and GOLDBERG, JJ., concur.