CHARLOTTE HAMMOND, Plaintiff-Appellee, *v.* CAPE INDUSTRIES, INC., *et al.*, Defendants-Appellees.—(INSURANCE COMPANY OF NORTH AMERICA *et al.*, Intervening Petitioners-Appellants.)—RAY SAMPSON, Plaintiff-Appellee, *v.* NORTH AMERICAN ASBESTOS CORPORATION *et al.*, Defendants-Appellees.—(INSURANCE COMPANY OF NORTH AMERICA *et al.*, Intervening Petitioners-Appellants.)—JOHN V. HANDLEY *et al.*, Plaintiffs-Appellees, *v.* UNARCO INDUSTRIES, INC., *et al.*, Defendants-Appellees.—(INSURANCE COMPANY OF NORTH AMERICA *et al.*, Intervening Petitioners-Appellants.)

Fourth District   Nos. 16655, 16720, 16721 cons.

Opinion filed July 14, 1981.

Stephen L. Corn and Gregory C. Ray, both of Craig and Craig, of Mattoon, for appellants.

James Walker, Ltd., of Bloomington (John R. Bailen, of counsel), for appellees.

Mr. JUSTICE WEBBER delivered the opinion of the court:

These consolidated appeals present additional facets of the ongoing litigation which has previously been fully described in *Johnson v. Cape Industries, Ltd.* (1980), 91 Ill. App. 3d 192, 414 N.E.2d 470. As in *Johnson*, the individual plaintiffs here filed personal injury lawsuits against Cape Industries, Ltd., North American Asbestos Corp., and others. Damages were sought for injuries resulting from the sale of asbestos. Insurance Company of North America and INA Insurance Company of Illinois sought leave to intervene in the personal injury actions and also filed suit for declaratory judgment to determine matters of coverage. With the petitions for intervention the insurance companies moved to stay the personal injury actions pending resolution of the declaratory judgment. The trial court denied intervention in all three cases, but did stay the underlying personal injury suit in *Hammond* (No. 16655.) It should also be noted that so far as the record here is concerned, *Handley* (No. 16721) appears not to be a party to the declaratory judgment.

Notwithstanding these and some other minor differences from *Johnson* (*i.e.*, North American Asbestos Corp. not named as a party

defendant in *Johnson, Johnson* having gone to default judgment before intervention was sought), we believe that the cases at bar should be controlled by the holding in *Johnson*, and we so rule.

On our own motion we raised the question of the appealability of the denials of the petitions for intervention in the instant cases in view of the fact that the order in *Johnson* contained the finding under Supreme Court Rule 304(a) (73 Ill. 2d R. 304(a)) while it was lacking here.

In *Chicago, Milwaukee, St. Paul & Pacific R.R. Co. v. Harris Trust & Savings Bank* (1978), 63 Ill. App. 3d 1012, 1016, 380 N.E.2d 835, the appellate court commented:

> "It appears that in actions involving multiple parties and/or multiple claims for relief, the question as to whether a denial of a petition to intervene is in and of itself a final judgment under Rule 301, which does not require a Rule 304(a) finding to be appealable prior to the disposition of the related litigation, is not settled in Illinois."

In that case the court held that such a denial was not appealable in the absence of a Rule 304(a) finding, but the holding was in the nature of dictum since the specific order under appeal did contain such a finding. The dictum related to an earlier order which did not recite the Rule 304(a) litany.

Other cases holding that such an order is not appealable in the absence of a Rule 304(a) finding, and its predecessor, section 50(2) of the Civil Practice Act (Ill. Rev. Stat. 1961, ch. 110, par. 50(2)), are *Board of Trustees v. Timpone* (1963), 28 Ill. 2d 255, 190 N.E.2d 786, and *Monticello College v. Scott* (1973), 13 Ill. App. 3d 133, 299 N.E.2d 778.

Contrary cases are *Veterans Travel Club v. Illinois Commerce Com.* (1973), 15 Ill. App. 3d 116, 303 N.E.2d 142, and *Koester v. Yellow Cab Co.* (1974), 18 Ill. App. 3d 56, 309 N.E.2d 269.

The *Harris Trust* court was severely critical of the *Koester* decision and called its reasoning "circular." We consider such criticism unnecessary, since the question in *Koester* was totally unlike that posed in *Harris Trust*. The Rule 304(a) finding made in *Harris Trust* removed any doubt as to appealability, while the *Koester* court enjoyed no such advantage. Of course, it is elementary that if an order by its nature is appealable under Rule 301, a finding under Rule 304(a) is meaningless.

The discussions of the problems in the foregoing cases are of little assistance in attempting to reconcile them. *Timpone, Harris Trust*, and *Monticello College* appear to start with the assumption that intervention will introduce a new party into the proceedings, therefore multiple parties are involved, therefore a finding under Rule 304(a) or section 50(2) is necessary. *Veterans Travel Club* and *Koester* simply state that the orders

there were final, and hence appealable as a matter of right under Rule 301, without assigning any particular reasons.

We believe that a more useful criterion is to avoid the wooden approach of determining multiple parties and to analyze the case in terms of the relief sought by the intervenor. If he possesses another adequate remedy, intervention should be denied; if not, it should be allowed; and the adequacy of the alternate remedy should be a matter of discretion with the trial court. The rule, of course, will apply only in discretionary interventions, not those as a matter of right under section 26.1 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 26.1).

In applying such a rule we observe that in *Timpone* the rights of the intervenor would be adequately protected by the trial court in making distribution of the eminent domain proceeds; in *Monticello College*, the trial court's order specifically reserved separate rights of action to those persons asserting gifts over and reverters in the fund. In *Koester*, the alternate remedy was inadequate. The employer's lien could be defeated if the employee should squander the proceeds of the judgment or conceal them in such a way as to make them unreachable by a subsequent lawsuit against him.

In *Veterans Travel Club*, the court gave no reasons for its holding that a denial of intervention was a final order, but simply cited *Krause v. White* (1950), 341 Ill. App. 322, 93 N.E.2d 429. *Krause* fits the rationale of the rule we have suggested. In that case various petitions were filed with a county superintendent of schools seeking detachment of certain property from one district after the statutory election had been held. The superintendent apparently had not called the election as demanded and therefore a petition for a writ of *mandamus* was filed. The district which stood to lose the territory sought to intervene and was denied leave to do so. On appeal it was held improper to deny it. Although not specifically articulated by the court, it is apparent from its recitation of the facts and the law that the district would have no other adequate remedy to protect itself against the loss of a portion of its territory unless it were permitted to intervene in the mandamus action. The court pointed out that the superintendent had little discretion in calling the election and some forum should be provided for the losing district to contest the sufficiency of the petitions.

In *Harris Trust*, while the facts are not crystal clear, it is apparent that the intervenor was already pursuing either an alternative or a parallel remedy in Federal court.

In applying the suggested rule to the instant case, we are of the opinion that the intervenor has no other adequate remedy and therefore the denial of its petitions were final and appealable as a matter of right

under Supreme Court Rule 301 (73 Ill. 2d R. 301.) It was threatened with garnishment on any judgments which might be entered against Cape Industries, Ltd. In the garnishment action it might be permitted to raise the question of coverage (*Wold v. Glens Falls Indemnity Co.* (1933), 269 Ill. App. 407, 412), but if coverage were found, the amount would be fixed in the underlying suit (*Wold*) with no opportunity for the insurer to minimize it, or indeed, avoid it altogether.

We therefore adopt the rulings made in *Johnson*. The denials of the petitions to intervene are reversed, as are the denials of the motions to stay the personal injury suits. The causes are remanded with instructions to allow the interventions and to stay the underlying suits and to proceed with dispatch to a resolution of the declaratory judgment. As in *Johnson*, the trial court is vested with authority to vacate the stays should it appear that the declaratory judgment action is being prosecuted in a dilatory fashion.

Reversed and remanded with directions.

TRAPP, P. J., and YONTZ, J., concur.