VELDE FORD SALES, INC., Plaintiff, v. JOHN BEARCE FORD, INC., Defendant (Ford Motor Company, Inc., Defendant-Appellee; University Ford of Peoria, Inc., Intervenor-Appellant).

Third District No. 3—89—0391

Opinion filed February 28, 1990.

Kavanagh, Scully, Sudow, White & Frederick, P.C., of Peoria (Julian E. Cannell and Talmadge G. Brenner, of counsel), for appellant.

Michael R. Feagley, Michele Odorizzi, and Phillip S. Reed, all of Mayer, Brown & Platt, of Chicago, for appellee.

JUSTICE BARRY delivered the opinion of the court:

Action was initiated on February 18, 1988, by Velde Ford Sales, Inc., against John Bearce Ford, Inc., and Ford Motor Company, Inc., pursuant to section 12 of the Illinois Motor Vehicle Franchise Act (Ill. Rev. Stat. 1987, ch. 121½, par. 751 *et seq.*), seeking declaratory and injunctive relief to prevent the proposed relocation of defendant John Bearce Ford. On January 16, 1989, while the suit remained on the pretrial docket of the circuit court of Tazewell County, University Ford of Peoria, Inc., filed its petition for leave to intervene, seeking essentially the same relief sought by Velde Ford in the main complaint.

The circuit court denied University's petition on June 21, 1989, for failure to assert its claim within the 60-day limitations period provided by section 12(b) of the Motor Vehicle Franchise Act (Ill. Rev. Stat. 1987, ch. 121½, par. 762(b)). University brought this appeal.

The issue argued to this court is whether the circuit court abused

its discretion in denying University's petition to intervene. University asserts that it received a letter from Ford in December 1987 giving notice of the proposed relocation of Bearce; and, thereafter, representatives of University engaged in various conversations with representatives of Ford, expressing dissatisfaction with the proposed move. The circumstances of these conversations and the events transpiring between December 1987 and January 1989, University argues, gave rise to a fiduciary relationship between University and defendants such that the 60-day limitations period was tolled between December 1987 and November 1988, when University's board of directors ultimately authorized its initiation of a lawsuit. University contends that the circuit court erred in failing to consider a fiduciary relationship when it denied University's petition to intervene. We do not reach that issue, however, because we find appellate jurisdiction lacking.

Because Velde's main complaint against Bearce and Ford Motor Company has not been adjudicated, the intervenor's appeal is interlocutory and jurisdiction is not conferred on this court without "an express written finding that there is no just reason for delaying enforcement or appeal." 107 Ill. 2d R. 304(a); see, *e.g.*, *Schultz v. Gotlund* (1989), 185 Ill. App. 3d 943, 542 N.E.2d 53.

In its statement of jurisdiction, University cites Supreme Court Rule 301 (107 Ill. 2d R. 301) and *Hammond v. Cape Industries, Inc.* (1981), 97 Ill. App. 3d 877, 424 N.E.2d 92. The court's opinion in *Hammond* reviewed disparate holdings on the question of whether an order denying intervention is immediately appealable as of right. (Compare *Chicago, Milwaukee, St. Paul & Pacific R.R. Co. v. Harris Trust & Savings Bank* (1st Dist. 1978), 63 Ill. App. 3d 1012, 380 N.E.2d 835, *Board of Trustees of the University of Illinois v. Timpone* (1963), 28 Ill. 2d 255, 190 N.E.2d 786, and *Monticello College v. Scott* (5th Dist. 1973), 13 Ill. App. 3d 133, 299 N.E.2d 778, with *Veterans Travel Club of Western Illinois University v. Illinois Commerce Comm'n* (4th Dist. 1973), 15 Ill. App. 3d 116, 303 N.E.2d 142, *Krause v. White* (2d Dist. 1950), 341 Ill. App. 322, 93 N.E.2d 429, and *Koester .v. Yellow Cab Co.* (1st Dist. 1974), 18 Ill. App. 3d 56, 309 N.E.2d 269.) The *Hammond* court fashioned a rule for *ad hoc* analysis of the appealability of such cases in terms of the relief sought by the intervenor: "If [the intervenor] possesses another adequate remedy, intervention should be denied; if not, it should be allowed; and the adequacy of the alternate remedy should be a matter of discretion with the trial court." (*Hammond*, 97 Ill. App. 3d at 879, 424 N.E.2d at 94.) Notably, none of the appellate cases considered by the *Hammond* court were decided by a panel of this district.

Having given the matter our independent consideration, we are of the opinion that an order denying intervention prior to final disposition of the main suit falls clearly within the ambits of Rule 304(a) and cannot be appealed without the circuit court's special findings for interlocutory appeals. In so holding, we are guided by Justice Schaefer's observations with respect to former section 50(2) of the Civil Practice Act (Ill. Rev. Stat. 1961, ch. 110, par. 50(2)), the predecessor to Supreme Court Rule 304(a): "The section *** empowers the trial judge to determine whether a partial disposition is final for purposes of appeal. He is familiar with the case as a whole, and can appraise the relation of the remaining issues to those disposed of by the order. If he is inclined to reconsider or revise his ruling, he may preserve that opportunity by declining to make the statutory finding." *Timpone*, 28 Ill. 2d at 258, 190 N.E.2d at 788. See also *Smith v. Goldstick* (1982), 110 Ill. App. 3d 431, 442 N.E.2d 551 (interlocutory order granting intervenors relief not appealable without Rule 304(a) findings).

Moreover, even were we to embrace the *Hammond* rule, we would decline review in this case. University has alleged no facts to show that it had no other adequate remedy. The trial court made no such finding, and neither do we. Indeed, University's remedy was to pursue an independent action. The same estoppel arguments that University pursues in this intervention action could have been advanced in a separate suit. And, it is not at all clear that University's interests are not adequately represented by Velde.

We dismiss the appeal.

Appeal dismissed.

SCOTT and WOMBACHER, JJ., concur.