THE PEOPLE *ex rel.* MARGARET COLLINS, Petitioner-Appellee, v. AL-FRED BURTON, Respondent-Appellee (Morris C. Davis, Jr., Indiv. and on behalf of Rebekah Collins, a Minor, Intervenor-Appellant).

Fourth District   No. 4—95—0477

Opinion filed November 16, 1995.—Rehearing denied December 20, 1995.

Morris C. Davis, Jr., of Springfield, appellant *pro se.*

Patrick W. Kelley, State's Attorney, of Springfield (Norbert J. Goetten, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellee People *ex rel.* Collins.

Alfred Burton, of Chicago, appellee *pro se.*

JUSTICE GREEN delivered the opinion of the court:

Appellant, Morris C. Davis, Jr., in both his individual and representative capacities, filed an appeal after being denied leave to intervene in the underlying paternity action to contest a petition to modify child support. The trial court made no finding under Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) and the petition to modify remained pending at the time appeal was taken.

The State has moved to dismiss the appeal for lack of jurisdiction because of the absence of a finding under Supreme Court Rule 304(a), citing cases from other districts of this court which have adopted

that holding. The State acknowledges, however, that in *Hammond v. Cape Industries, Inc.* (1981), 97 Ill. App. 3d 877, 424 N.E.2d 92, this court determined that an appeal could be taken as a matter of right under Supreme Court Rule 301 (73 Ill. 2d R. 301) from the denial of a petition to intervene without the need for a finding under Supreme Court Rule 304(a). We overrule *Hammond* and dismiss the appeal.

■ The portion of Supreme Court Rule 304(a) applicable here states:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party." (155 Ill. 2d R. 304(a).)

Supreme Court Rule 304(b) (155 Ill. 2d R. 304(b)) creates certain exceptions to Rule 304(a) making appealable as a matter of right and without any finding certain orders which are final as to one or more but not all parties and claims. None of the exceptions are applicable here.

*Hammond* arose under unusual circumstances which are described there and in the opinion in *Johnson v. Cape Industries, Ltd.* (1980), 91 Ill. App. 3d 192, 414 N.E.2d 470. A suit for personal injuries arising from the furnishing of asbestos was filed against defendants, including Cape Industries, Ltd. (Cape), a British corporation not subject to process in the United States. Insurance Company of North America (I.N.A.) had issued a liability policy in covering Cape. Alleging that Cape had not tendered its defense to it, I.N.A. sought leave to intervene to obtain a declaration as to whether it had coverage. Intervention was denied by the trial court without a Rule 304(a) finding.

This court recognized that precedent was not uniform as to whether an order denying leave to intervene was appealable as a matter of right under Supreme Court Rule 301 or appealable only after a Rule 304(a) finding. This court then concluded that the question of whether a Rule 304(a) finding was necessary for appeal from denial of a petition to intervene should depend on whether the party seeking to intervene has an otherwise available remedy. (*Hammond*, 97 Ill. App. 3d at 879, 424 N.E.2d at 94.) This court deemed that I.N.A. would be in great jeopardy if not allowed to intervene and should be able to appeal that order as a matter of right. *Hammond* was consistent with *dictum* in *Veterans Travel Club of Western Illinois*

*University v. Illinois Commerce Comm'n* (1973), 15 Ill. App. 3d 116, 119, 303 N.E.2d 142, 145.

At the time of *Hammond*, as now, the only decision of the Supreme Court of Illinois on the question of whether a Rule 304(a) finding is necessary to create a right to appeal an order denying leave to intervene is *Board of Trustees of the University of Illinois v. Timpone* (1963), 28 Ill. 2d 255, 190 N.E.2d 786. That decision concerned a condemnation case where the circuit court had denied leave to intervene to a tenant of property, claimed to have been damaged by the taking. Section 50(2) of the Civil Practice Act (Ill. Rev. Stat. 1961, ch. 110, par. 50(2)) was then in force and contained the same requirement of the present Rule 304(a). No required finding was made, and the supreme court held that the denial of intervention was not an order appealable as a matter of right when entered. The *Hammond* court pointed out that the tenant's rights in *Timpone* would be protected because it would have an opportunity to be heard before the condemnation proceeds would be distributed. *Hammond*, 97 Ill. App. 3d at 879, 424 N.E.2d at 94.

In *Koester v. Yellow Cab Co.* (1974), 18 Ill. App. 3d 56, 61, 309 N.E.2d 269, 272, the appellate court reasoned that Rule 304(a) was not applicable to orders denying leave to intervene, because the party seeking to intervene was not yet a party. However, since *Hammond*, a Rule 304(a) finding has been required to appeal as a matter of right from an order denying leave to intervene by the first district in *Northern Trust Co. v. Halas* (1993), 257 Ill. App. 3d 565, 573-74, 629 N.E.2d 158, 165-66, the second district in *Village of Long Grove v. Austin Bank* (1992), 234 Ill. App. 3d 376, 600 N.E.2d 520, the third district in *Velde Ford Sales, Inc. v. John Bearce Ford, Inc.* (1990), 194 Ill. App. 3d 951, 551 N.E.2d 808, and the fifth district in *Stevenson v. Hawthorne Elementary School* (1990), 200 Ill. App. 3d 991, 994-95, 558 N.E.2d 573, 575, *rev'd on other grounds* (1991), 144 Ill. 2d 294, 579 N.E.2d 852.

■ We conclude that the doctrine has been firmly established that a Rule 304(a) finding is necessary to give immediate appealability to the denial of leave to intervene. The holding of *Hammond*, however well intentioned, is contrary to the express language of Rule 304(a) as the ruling is final as to less than all the claims and parties involved. In any event, the party seeking leave to intervene can appeal when a Supreme Court Rule 301 appeal is available, can obtain review of the question of intervention as soon as an enforceable judgment is issued, and can get that judgment reversed if the denial of intervention were reversible error. Similarly, the rationale that Rule 304(a) does not apply to denials of intervention because the person or

entity seeking to intervene is not a party puts such a person or entity in a position favored over a party who is in the case and whose claim is dismissed while other claims remain.

We join the other districts of the appellate court in requiring a Rule 304(a) finding to give an order, such as the instant one, appealability. Because of the lack of that finding, we dismiss this appeal.

Appeal dismissed.

COOK and McCULLOUGH, JJ., concur.