376

THE VILLAGE OF LONG GROVE, Plaintiff-Appellee, v. AUSTIN BANK OF CHICAGO, Defendant (Riverwoods Development Corporation *et al.*, Petitioners-Appellants).

Second District   No. 2—91—1289

Opinion filed September 18, 1992.

Kathleen Ross, of Barrington, for appellants.

John M. Mullen, of Libertyville, and Ronald R. Rassin, of Robbins, Rubinstein, Salomon & Greenblatt, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, the Village of Long Grove (village), sued defendant, Austin Bank of Chicago, to recover under an irrevocable letter of credit issued to secure the completion of public improvements at a subdivision to be built within the village. Petitioners Riverwoods Development Corporation (Riverwoods) and Robert Krilich petitioned the court for leave to intervene. The court denied the petition, and petitioners appeal, contending that the court erred in denying their petition to intervene and their subsequent motion to

reconsider that decision. We find that we lack jurisdiction and consequently dismiss the appeal.

The facts need be stated only briefly. Riverwoods received approval from the village for construction of a planned unit development to be known as the Saddle Club. The ordinance approving the development required that the developer provide a letter of credit in the amount of 150% of the estimated cost of public improvements. The ordinance further provided that building permits would not be issued until the waste disposal system had been approved in accordance with Lake County Health Department standards.

In compliance with the ordinance, Riverwoods had Austin Bank of Chicago issue an irrevocable letter of credit payable to the village for $750,000. Krilich, the sole shareholder of Riverwoods, pledged his personal assets as security for the letter. Subsequently, the Lake County Health Department refused to approve the waste system as contemplated by the ordinance, and the subdivision was never built.

Nevertheless, the village demanded that Austin Bank honor the letter of credit. The bank refused, and on August 1, 1991, the village filed suit against Austin Bank to recover under the letter of credit. On August 14, 1991, Riverwoods and Krilich petitioned the court for leave to intervene in the action. (See Ill. Rev. Stat. 1989, ch. 110, par. 2—408.) The petition alleged that Krilich had pledged his personal assets as security for the letter, that his interests would not be adequately represented by the existing parties, and that he would be adversely affected by a judgment in favor of the village since his assets would become subject to seizure to set off the amount paid by the bank on the letter of credit.

The court denied the petition to intervene. Petitioners filed a motion to reconsider, which the court denied on November 6. Petitioners filed a notice of appeal on November 8, 1991. On appeal, petitioners contend that the court erred in denying their petition to intervene and in refusing to reconsider that decision.

We find, however, that we lack jurisdiction to consider these issues. Although neither party has raised the issue, this court has an independent obligation to consider its jurisdiction and to dismiss an appeal if jurisdiction is lacking. *Raglin v. H M O Illinois, Inc.* (1991), 217 Ill. App. 3d 1076, 1078.

There is a split of authority among the appellate court districts on the issue of whether an order denying a petition for leave to intervene is immediately appealable. (*Wasilevich Construction Co. v. La Salle National Bank* (1991), 222 Ill. App. 3d 927, 929. See gen-

erally Deitrick, *Intervention in Illinois: The Requirements for Intervention of Right and Permissive Intervention, and Appealability of an Order Denying Intervention,* 67 Ill. B.J. 168, 172 (1978).) The Third and Fifth Districts of the Illinois Appellate Court have held that such an order is not final and appealable in the absence of a finding pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). (*Velde Ford Sales, Inc. v. John Bearce Ford, Inc.* (3d Dist. 1990), 194 Ill. App. 3d 951, 953; *Stevenson v. Hawthorne Elementary School* (5th Dist. 1990), 200 Ill. App. 3d 991, 994.) On the other hand, the Appellate Court, Fourth District, has held that, at least in certain circumstances, an order denying leave to intervene is immediately appealable as a final order under Supreme Court Rule 301 (134 Ill. 2d R. 301). (*Hammond v. Cape Industries, Inc.* (4th Dist. 1981), 97 Ill. App. 3d 877, 879-80; *Veterans Travel Club of Western Illinois University v. Illinois Commerce Comm'n* (4th Dist. 1973), 15 Ill. App. 3d 116, 119.) Different divisions of the Appellate Court, First District, have split on the issue. Compare *Wasilevich Construction Co.*, 222 Ill. App. 3d at 929-30 (in the "unique" context of a mechanic's lien foreclosure, order was not appealable until entire case was over), and *Marcheschi v. P.I. Corp.* (1st Dist. 1980), 84 Ill. App. 3d 873, 878 (not immediately appealable), and *Chicago, Milwaukee, St. Paul & Pacific R.R. Co. v. Harris Trust & Savings Bank* (1st Dist. 1978), 63 Ill. App. 3d 1012, 1020 (not appealable), with *Mendelson v. Lillard* (1st Dist. 1980), 83 Ill. App. 3d 1088, 1092 (immediately appealable, *dicta*), and *Koester v. Yellow Cab Co.* (1st Dist. 1974), 18 Ill. App. 3d 56, 61 (immediately appealable).

The supreme court addressed the issue in the context of an eminent domain action in *Board of Trustees of University of Illinois v. Timpone* (1963), 28 Ill. 2d 255. The court held that the order was not immediately appealable pursuant to section 50(2) of the Civil Practice Act, the predecessor to Rule 304(a). (*Timpone*, 28 Ill. 2d at 258.) However, the court appeared to base its holding on provisions peculiar to an eminent domain action, and it can be argued that the holding was not intended to be of general application. Moreover, the supreme court negated its specific holding by the subsequent enactment of Supreme Court Rule 307(a)(7), which made Rule 304(a) inapplicable to eminent domain proceedings. (See 134 Ill. 2d R. 307(a)(7); 67 Ill. B.J. at 172-73.) Nevertheless, some of the appellate court cases cited above have relied on *Timpone* for the conclusion that such an order is not immediately appealable in the absence of a Rule 304(a) finding.

This court has never directly addressed the issue. In *Krause v. White* (2d Dist. 1950), 341 Ill. App. 322, the court stated in *dicta* that an order denying leave to intervene was immediately appealable. In that case, the circuit court denied the petitioners leave to intervene. On the same day, it granted the relief prayed for in the underlying action. The real issue on appeal was whether the petitioners had standing to appeal the denial of intervention. In concluding that they did, the court stated that "this was a final order and one from which an appeal could lie." (*Krause*, 341 Ill. App. at 327.) However, since the entire action had been terminated, the timing of the appeal was not at issue, and the inclusion of the word "final" appears to have been included to convey the appealable nature of the order, as contrasted with, for example, the denial of a motion to dismiss, which is not normally appealable. We note that *Krause* was decided before the enactment of both section 50(2) and Supreme Court Rule 304(a). Thus, we consider it to be of little precedential value here.

■■ ■ We believe the better rule is that an order denying leave to intervene is not immediately appealable in the absence of a Rule 304(a) finding. Supreme Court Rule 301 provides that final orders of the circuit court are appealable as of right, but does not define "final orders." Rule 304(a), however, provides, in relevant part:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal." (134 Ill. 2d R. 304(a).)

By its plain language, then, Rule 304(a) applies to claims involving "one or more but fewer than all" of the parties to an action. While petitioners were never technically parties, the order denying them intervention is similar to other types of orders which have been held nonfinal pursuant to the rule. For example, an order dismissing a third-party complaint which does not include the requisite language is not immediately appealable. (*Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 63 Ill. App. 3d at 1017, citing, *e.g.*, *Bohannon v. Joseph T. Ryerson & Sons, Inc.* (1959), 15 Ill. 2d 470; *cf. U.S. Air, Inc. v. Prestige Tours, Inc.* (1987), 159 Ill. App. 3d 150, 155 (order denying substitution of plaintiffs nonfinal).) We note also that an order dismissing one of multiple plaintiffs or defendants from a cause is similarly not appealable absent a Rule 304(a) finding. See

Ill. Ann. Stat., ch. 110A, R. 304, Historical & Practice Notes, at 161 (Smith-Hurd 1985).

Because the order denying intervention was not a final and appealable order, we lack jurisdiction to consider this appeal. Petitioners are not without recourse, however. We note that the circuit court has granted the village's motion for summary judgment, thus terminating the action. Petitioners thereafter filed a notice of appeal raising this same issue.

For the foregoing reasons, the appeal is dismissed.

Dismissed.

McLAREN and DUNN, JJ., concur.