NORTHERN TRUST COMPANY, Plaintiff-Appellee, v. THERESE MARTIN HALAS *et al.*, Defendant-Appellants.

First District (5th Division)  Nos. 1—91—0056 through 1—91—0058 cons.

Opinion filed December 30, 1993.

Floyd D. Perkins, of Chicago, for appellants.

Sonnenschein, Nath & Rosenthal, of Chicago (Eric A. Oesterle, of counsel), for appellee.

JUSTICE COUSINS delivered the opinion of the court:

In 1986, plaintiff, the Northern Trust Company (Northern), filed a foreclosure action against defendant, Therese Halas (Ms. Halas). Petitioners, Ms. Halas' children, Stephen G. Halas and Christine D. Halas (Stephen and Christine), sought to intervene. The trial court denied the children's petition to intervene and granted summary judgment in favor of Northern. On appeal, Ms. Halas asserts that the trial court erred in denying her leave to amend her affirmative defenses and in granting summary judgment for Northern. In separate appeals, Stephen and Christine assert that the trial court erred in denying their petition to intervene.

We affirm.

BACKGROUND

In 1976, Ms. Halas obtained a $50,000 mortgage loan from Northern to buy a house located at 17 Briar Road, Golf, Illinois. The mortgage agreement required her to make monthly payments of principal and interest through July 1996. In 1985, Ms. Halas refused to make any mortgage payments, asserting that Northern had mismanaged the Uniform Gifts to Minors Act accounts of her two children. Northern filed a foreclosure action on August 11, 1986, naming Ms. Halas and unknown owners as defendants.

On September 9, 1986, Ms. Halas' two children, Stephen and Christine, filed a *pro se* verified petition to intervene as parties defendant. Both alleged that they had a "direct and vested interest, both as litigants with their mother in matters of the Estates of George S.

Halas, Sr. and George S. Halas, Jr., and as direct heirs of [Ms.] Halas." The petition indicated that the positions that the Halas children wished to assert were identical to the position taken by their mother. Northern objected and, on January 12, 1987, the trial court denied the petition to intervene. The order does not contain Illinois Supreme Court Rule 304(a) findings (134 Ill. 2d R. 304(a)).

On October 1, 1986, Ms. Halas' counsel filed an appearance and a verified answer including affirmative defenses on her behalf. In her answer, Ms. Halas admitted that she was the sole owner and mortgagor of the mortgaged premises. However, she denied that there was any amount due and owning from her to Northern. In her affirmative defense, Ms. Halas asserted that she was "induced to execute" the mortgage documents because George S. Halas, Sr., her former father-in-law, told her that either he or George S. Halas, Jr., her former husband, would guarantee the mortgage debt and would make the mortgage payments if Ms. Halas was unable to do so. (Both Ms. Halas' ex-husband and her father-in-law died before the instant litigation arose.) She further alleged that Samuel V. Lizzo (Lizzo), a former vice-president of Northern, told her that George S. Halas, Sr., had agreed to guarantee her mortgage, and that upon information and belief, there was a writing or writings evidencing that agreement. She contended that this agreement estopped Northern from attempting to enforce any alleged mortgage indebtedness against her. She also asserted that Northern's failure to attempt to enforce said indebtedness against the estates of George S. Halas, Sr., and George S. Halas, Jr., estopped Northern from enforcing the mortgage debt against her. Northern filed a reply denying the allegations of Ms. Halas' affirmative defense.

On December 3, 1986, Ms. Halas obtained leave of court to file a third-party complaint against the executors of the estates of George S. Halas, Sr., and George S. Halas, Jr. Both complaints were dismissed pursuant to section 2—619(a)(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(3)) because these claims were the subject of actions already pending in the probate division.

On August, 6, 1987, nearly one year after Northern filed its complaint to foreclose and recorded its *lis pendens* notice, the Internal Revenue Service (IRS) filed a tax lien against the Halas home. When Ms. Halas did not pay that lien, the IRS sold the mortgaged premises to Peter Theodore (Theodore) at an auction sale for back taxes. Ms. Halas did not redeem from that sale within the time permitted by law, and on November 7, 1988, the IRS issued a district director's deed purporting to convey title of the Halas home to Theodore.

Subsequently, in an unrelated proceeding, Ms. Halas obtained an order setting aside the deed to Theodore.

On November 23, 1988, Ms. Halas' attorney obtained leave to withdraw as her counsel of record, and on December 12, 1988, the court granted Ms. Halas leave to file *instanter* her appearance *pro se.*

On December 12, 1988, Ms. Halas filed a motion seeking dismissal of the suit for cause, and other relief. On January 30, 1989, before her motion to dismiss had been ruled on, Ms. Halas filed an emergency motion to strike and dismiss the complaint for cause or, in the alternative, to amend her answer. In this latter motion, Ms. Halas attempted to set forth new allegations, including the following assertions: Northern was negligent in failing to obtain the signatures of Halas Sr., and Halas Jr. relative to their promise to pay the mortgage; in 1976 Northern knew of Ms. Halas' inability to pay without that guarantee; and, finally, Northern was a custodian to the Halas children's trust funds established by George Halas, Jr., and Sr., and improperly managed these funds.

On March 21, 1989, the trial court denied both motions in their entirety.

In the interim, Ms. Halas deposed Mr. Lizzo. He testified, *inter alia,* that he and George S. Halas, Sr., never discussed a guaranty of Ms. Halas' mortgage and that George S. Halas, Sr., never guaranteed any mortgage loan. Lizzo also denied telling Ms. Halas that George S. Halas, Sr., undertook to guarantee her loan. Northern filed a motion for summary judgment on June 12, 1989.

On August 7, 1989, after obtaining leave to intervene as an unknown owner, the law firm of McGuire, Cornwell & Blakey filed its answer to Northern's complaint for foreclosure. That answer admitted every allegation in Northern's complaint but three as to which it claimed no knowledge: the paragraph concerning statement of defaults; the paragraph naming the person alleged to be liable for a deficiency; and the paragraph concerning attorney fees. The counterclaim, which did not name Northern as a defendant, sought to foreclose a $50,000 mortgage executed by Ms. Halas to secure her alleged obligation to pay fees to McGuire, Cornwell & Blakey.

On August 30, 1989, the trial court granted Northern's motion for summary judgment. The court found that there were no genuine issues of material fact and Northern was entitled to judgment of foreclosure and sale as a matter of law. On September 11, 1989, Ms. Halas filed an emergency motion to reconsider and vacate the order of August 30, 1989. The motion to reconsider was denied on November 13, 1989.

On November 13, 1989, the trial court entered a judgment of foreclosure and sale directing that the mortgaged premises be sold if

Ms. Halas did not pay the amount found due. That judgment did not contain Illinois Supreme Court Rule 304(a) findings. Nonetheless, Ms. Halas sought to appeal. On February 6, 1990, this court granted Northern's motion to dismiss that appeal.

The office of the sheriff of Cook County held the foreclosure sale on February 1, 1990. Ms. Halas' son, Stephen, was the highest bidder, bidding $400,000, or $331,471.73 more than was found due to Northern under the judgment of foreclosure and sale.

On February 8, 1990, Stephen filed a petition for approval and confirmation of sale and other relief. Subsequently, Stephen advised Northern that he would withdraw his petition to have the sale approved. On April 5, 1990, Northern filed a motion to approve the sheriff's report of sale and distribution. Ms. Halas and Stephen objected.

On April 12, 1990 the trial court entered an order approving the sheriff's report of sale and distribution. That order was not final because it did not dispose of all the claims of all the parties. Instead, it directed that the surplus sales proceeds be paid to the clerk of the court "pending further order of court." Remaining unresolved at that time were claims by the IRS, Theodore, and McGuire, Cornwell & Blakey. Nonetheless, Ms. Halas appealed from the April 12, 1990, order. On June 14, 1990, this court granted Northern's motion to dismiss that appeal.

Theodore and the IRS made claims to the surplus sales proceeds. There is no evidence in the record which would indicate that McGuire, Cornwell & Blakey made a claim to these funds. On November 29, 1990, a hearing was held regarding the disposition of the surplus funds. The trial court denied the claims of the IRS and Theodore, and ruled that Ms. Halas "is entitled to the total amount of the equity of redemption." The order contains Illinois Supreme Court Rule 304(a) findings.

Ms. Halas appealed on December 28, 1990. Northern moved to dismiss Ms. Halas' appeal claiming that the trial court's order did not resolve all of the matters between all of the parties. On January 16, 1991, this court ordered that Northern's motion to dismiss the appeal would be taken with the case.

Christine and Stephen Halas also appealed on December 28, 1990, asking this court, *inter alia*, to overturn the trial court's order of January 12, 1987, denying them leave to intervene. Subsequently, the three appeals were consolidated.

OPINION

I

We address the issues raised by Ms. Halas' appeal first. Before we

reach the merits of her appeal, we must consider Northern's contention that this court lacks jurisdiction because the trial court's order of November 29, 1990, is not final and appealable since it failed to resolve all of the matters between all of the parties. Northern argues that the trial court's order did not completely dispose of the surplus funds since it left McGuire, Cornwell & Blakey's claim to these funds unresolved. We disagree.

■ Although the record indicates that McGuire, Cornwell & Blakey filed a counterclaim against Ms. Halas, there is no evidence in the record that this firm ever made a claim to the surplus funds. The record indicates that McGuire, Cornwell & Blakey was given notice of claims to the surplus funds by both the IRS and Theodore, but it did not attend the hearing concerning the disposition of the surplus funds.

At the hearing on November 29, 1990, the trial court determined that "no one can claim any part of [the] $330,000 surplus except Mrs. Halas." The court's order states that "Therese Halas is entitled to the total amount of the equity of redemption." A final judgment is one which conclusively adjudicates the rights of the parties; the only act remaining is execution. (*Slates v. International House of Pancakes, Inc.* (1980), 90 Ill. App. 3d 716, 722.) We conclude that the court's order of November 29, 1990, constitutes a final judgment. Nothing remains to be done with the surplus funds; the court has determined that *no one* except Ms. Halas has a right to these funds.

Turning to the merits of her appeal, Ms. Halas contends that the trial court erred in refusing to allow her to amend her affirmative defenses. She further contends that if she had been allowed to amend her affirmative defenses, she would have alleged meritorious claims for setoff against the foreclosure action, thereby precluding summary judgment in favor of Northern.

The trial court has broad discretion in ruling on motions to amend pleadings prior to entry of final judgment, and a reviewing court will not find that denial of a motion to amend is prejudicial error unless there has been a manifest abuse of such discretion. (*Loyola Academy v. S&S Roof Maintenance, Inc.* (1992), 146 Ill. 2d 263, 273-74.) In order to determine whether the trial court abused its discretion, we must consider four factors: (1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified. *Loyola Academy*, 146 Ill. 2d at 273.

The relevant question in the instant case is whether the proposed amendments would cure the defects in the affirmative defenses Ms. Halas originally filed. Ms. Halas argues in her brief that the combined allegations set forth in her original answer and her proposed amendment state affirmative defenses for (1) negligent and wilfull misconduct and (2) constructive trust.

First, Ms. Halas contends that Northern negligently and wilfully failed to obtain a written guaranty for her mortgage from George Halas, Sr. In her answer she made the following allegations: (1) Halas Sr. told her that he would guarantee her mortgage; (2) Lizzo, a former vice-president of Northern, said that Halas Sr. had agreed to guarantee her mortgage; (3) the representation that Halas Sr. would guaranty the mortgage induced her to execute the mortgage agreement; and (4) Northern was estopped from seeking foreclosure against her due to its failure to seek payment from the estates of Halas Sr. and Halas Jr. In her proposed amendment, Ms. Halas states, *inter alia:*

> "2. not clearly spelled out to the Court in the Defense of Complaint *** is the negligence of Northern Trust *in 1976 and subsequently,* in not obtaining proper signature of either or both Halas Jr., and/or George S. Halas Sr. as guarantor(s) on behalf of Halas, prior to Northern lending Halas the $50,000 for the Mortgage. ***
>
> 3. [H]alas was entitled to rely upon proper performance of Northern and proper execution of guarantor documents from Halas Jr. and/or Halas Sr. of this Mortgage deed. [Ms. Halas has been harmed because she] could not easily and immediately receive said full Mortgage Deed paid off from the Estate of Halas Jr. or Estate of Halas Sr."

To plead a cause of action for negligence or wilful and wanton misconduct, a litigant must allege sufficient facts to establish the existence of a duty, a breach of that duty, and an injury resulting from the breach. (*Petrauskas v. Wexenthaller Realty Management, Inc.* (1989), 186 Ill. App. 3d 820, 825.) Conspicuously absent from Ms. Halas' answer and amendment is any allegation of duty. In her brief, Ms. Halas argues that "this affirmative defense is based upon the principles of law that Northern had a fiduciary role as a party with superior knowledge in the loan securing area and an intimate continuous business relationship with the Halases."

■ The burden of proving the existence of a fiduciary relationship lies with the party seeking relief. Where the alleged relationship does not exist as a matter of law, the plaintiff must plead facts from which a fiduciary relationship arises. (*Santa Claus Industries, Inc. v.*

*First National Bank* (1991), 216 Ill. App. 3d 231, 238.) It is well settled that a mortgagor-mortgagee relationship does not create a fiduciary relationship as a matter of law. (See, *e.g., Mid-America National Bank v. First Savings & Loan Association* (1987), 161 Ill. App. 3d 531, 538.) Furthermore, " '[n]ormal trust between friends or businesses, plus a slightly dominant business position, do not operate to turn a formal, contractual relationship into a confidential or fiduciary relationship.' " *Gary-Wheaton Bank v. Burt* (1982), 104 Ill. App. 3d 767, 774, quoting *Carey Electric Contracting, Inc. v. First National Bank* (1979), 74 Ill. App. 3d 233, 238.

■ Ms. Halas' allegations are insufficient to plead the existence of a fiduciary relationship. She has alleged nothing more than a mortgagor-mortgagee relationship and a longstanding business relationship with Northern. Since Northern had no duty to secure in writing the alleged guaranty of George Halas, Sr., Ms. Halas could not set forth a claim for negligence or wilful misconduct. Therefore, the trial court did not abuse its discretion in refusing to allow Ms. Halas to assert the additional allegations contained in her proposed amendment.

■ Next, Ms. Halas contends that her amendment raises a defense of set off under a theory of constructive trust. She argues that this defense is based upon Northern's mismanagement of certain custodial accounts of Stephen and Christine. It is hornbook law that a constructive trust is a type of remedy and not an independent theory under which recovery may be sought. (See, *e.g., Lecrone v. Leckrone* (1991), 220 Ill. App. 3d 372, 379 ("A constructive trust is simply a restitutionary remedy which may be imposed to compel one who unfairly holds property to convey it to another to whom it justly belongs").) However, assuming *arguendo* that a cause of action exists relative to Northern's alleged mismanagement of the Halas children's trust funds, it could not have been asserted in the instant foreclosure action.

An action to foreclose a real estate mortgage is a proceeding in equity and, as such, traditional equitable defenses may be raised by the mortgagor. (*First Federal Savings & Loan Association v. Faubion* (1985), 131 Ill. App. 3d 368, 369.) However, there is a well-settled exception to the equitable defense rule: the equities which may be interposed as a defense to foreclosure must arise out of the transaction in which the note and mortgage were given. (*Klehm v. Grecian Chalet, Ltd.* (1987), 164 Ill. App. 3d 610, 615.) Northern's alleged mismanagement of the children's trust funds has nothing to do with the mortgage agreement between Ms. Halas and Northern. Therefore, the additional allegations contained in Ms. Halas' proposed amend-

ment relating to the mismanagement of her children's funds were not relevant and could not have cured the defects in her original answer.

Finally, Ms. Halas contends that summary judgment was improperly granted in favor of Northern because genuine issues of material fact were raised by her affirmative defenses as set forth in her answer and proposed amendment. We have determined that the allegations contained in these pleadings do not raise meritorious affirmative defenses. Therefore, any factual issues related to the affirmative defenses are not material to the foreclosure proceeding and cannot constitute a basis for precluding summary judgment. In addition, we have reviewed Ms. Halas' response to Northern's motion for summary judgment and conclude that it also does not contain any genuine issues of material fact which would preclude summary judgment.

## II

■ We turn now to the issues raised by the Halas children's appeal. Stephen and Christine contend that the trial court erred in denying them leave to intervene in foreclosure action. The trial court entered the order denying the petition to intervene on January 12, 1987, nearly four years before the conclusion of the instant litigation. Northern asserts that the denial of the petition to intervene is a final judgment within the meaning of Supreme Court Rule 301 (134 Ill. 2d R. 301), and since the children did not appeal that order within 30 days, this court lacks jurisdiction over their appeal.

Supreme Court Rule 301 provides that "[e]very final judgment of a circuit court *** is appealable as of right," but does not define "final judgment." (134 Ill. 2d R. 301.) However, Supreme Court Rule 304(a) provides, in pertinent part:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal." 134 Ill. 2d R. 304(a).

We note that there is a split of authority among the appellate districts on the issue of whether an order denying a petition for leave to intervene is immediately appealable or requires Rule 304(a) language. (See *Village of Long Grove v. Austin Bank* (1992), 234 Ill. App. 3d 376, 377-78.) A slight majority of the decisions have held that such an order is not final and appealable in the absence of a finding pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). Compare *Village of Long Grove* (2d Dist. 1992), 234 Ill. App. 3d at

379-80, *Wasilevich Construction Co. v. La Salle National Bank* (1st Dist. 1991), 222 Ill. App. 3d 927, 929 (in the unique context of a mechanic's lien foreclosure, order was not immediately appealable), *Stevenson v. Hawthorne Elementary School* (5th Dist. 1990), 200 Ill. App. 3d 991, 994, *rev'd on other grounds* (1991), 144 Ill. 2d 294; *Velde Ford Sales, Inc. v. John Bearce Ford, Inc.* (3d Dist. 1990), 194 Ill. App. 3d 951, 953, *Marcheschi v. P.I. Corp.* (1st Dist. 1980), 84 Ill. App. 3d 873, 878, and *Chicago, Milwaukee, St. Paul & Pacific R.R. Co. v. Harris Trust & Savings Bank* (1st Dist. 1978), 63 Ill. App. 3d 1012, 1020, with *Hammond v. Cape Industries, Inc.* (4th Dist. 1981), 97 Ill. App. 3d 877, 879-80, *Mendelson v. Lillard* (1st Dist. 1980), 83 Ill. App. 3d 1088, 1092 *(dicta)*, *Koester v. Yellow Cab Co.* (1st Dist. 1974), 18 Ill. App. 3d 56, 61, and *Veterans Travel Club of Western Illinois University v. Illinois Commerce Comm'n* (4th Dist. 1973), 15 Ill. App. 3d 116, 119.

The supreme court addressed this issue in the context of an eminent domain action in *Board of Trustees of University of Illinois v. Timpone* (1963), 28 Ill. 2d 255, 258, and the court held that an order denying intervention was not immediately appealable. As the opinion in *Village of Long Grove* observed, however, "the *[Timpone]* court appeared to base its holding on provisions peculiar to an eminent domain action, and it can be argued that the holding was not intended to be of general application." *Village of Long Grove*, 234 Ill. App. 3d at 378.

Although this division once suggested in *dicta* that the denial of a petition to intervene would be immediately appealable (see *Mendelson*, 83 Ill. App. 3d at 1092), we have twice held that such an order is not immediately appealable, but instead requires a finding pursuant to Supreme Court Rule 304(a) (see *Marcheschi*, 84 Ill. App. 3d at 878; *Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 63 Ill. App. 3d at 1020; see also *Greer v. Yellow Cab Co.* (1991), 221 Ill. App. 3d 908, 917-18 (required strict compliance with Rule 304(a), but did not discuss split of authority)). We note that an order denying intervention is similar to other types of orders which have been held nonfinal pursuant to Rule 304(a), such as an order dismissing a third-party complaint. (See *Village of Long Grove*, 234 Ill. App. 3d at 379.) In our view, the better rule is that an order denying leave to intervene is not immediately appealable in the absence of a Rule 304(a) finding.

Because the trial court's order denying intervention was not immediately appealable when it was entered and did not contain Rule 304(a) language, Stephen and Christine could not have appealed from the order prior to the conclusion of the entire action. They did appeal within 30 days of final judgment and, therefore, we have jurisdiction over their appeal.

■ We turn now to the merits of the children's appeal. Intervention is a matter within the sound discretion of the trial court, and its judgment will not be disturbed absent a clear abuse of that discretion. (*Soyland Power Cooperative, Inc. v. Illinois Power Co.* (1991), 213 Ill. App. 3d 916, 918; *Waters v. City of Chicago* (1981), 95 Ill. App. 3d 919, 923; *University Square, Ltd. v. City of Chicago* (1979), 73 Ill. App. 3d 872, 877.) A party seeking to intervene must have more than a general interest in the subject matter of the proceedings; he or she must have an enforceable or recognizable right. (*Toushin v. Gonsky* (1979), 77 Ill. App. 3d 508, 515.) In the instant case, Stephen and Christine sought to intervene on the basis that they had a "direct and vested interest, both as litigants with their mother in matters of the Estates of George S. Halas, Sr. and George S. Halas, Jr., and as direct heirs" of Ms. Halas.

Initially, we note that the estates of George S. Halas, Sr., and Jr. were not parties to the instant litigation. Although Ms. Halas attempted to join the estates via third-party complaints, the trial court dismissed these complaints pursuant to section 2—619 because these claims were the subject of actions already pending in the probate division. Thus, whatever interest the children might have in "matters of the Estates of George S. Halas, Sr. and George S. Halas Jr.," that interest is entirely irrelevant to the instant litigation.

The fact that Stephen and Christine are heirs of Ms. Halas is also insufficient to create a right to intervene in the instant foreclosure action. Ms. Halas, the mortgagor, is still very much alive. Stephen and Christine had no interest in the mortgaged premises during the life of their mother. (See *Reedy v. Camfield* (1896), 159 Ill. 254.) Therefore, we conclude that the trial court did not abuse its discretion in denying the Halas children's petition to intervene.

For all of the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

GORDON, P.J., and McNULTY, J., concur.