**Travis S. HAMMOND, Plaintiff–Appellant,**

v.

**Thomas CLAYTON, Bill Clayton and Jim Clayton, Surviving Heirs of Velma A. Clayton, Deceased, Defendants–Appellees.**

No. 95–2168.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 5, 1996.

Decided May 8, 1996.

---

John H. Bisbee (argued), Macomb, IL, for plaintiff-appellant.

Jim Lucie (argued), Macomb, IL, for defendants-appellees.

James A. Lewis (argued), Office of Atty. Gen., Springfield, IL, for amici curiae Randall Kunard, Bruce Harmening, Lawrence Wait.

Before CUDAHY, FLAUM, and RIPPLE, Circuit Judges.

FLAUM, Circuit Judge.

The plaintiff, Travis S. Hammond, claims that federal officers Kunard, Harmening, and Wait (the "officers") maliciously prosecuted him, leading to his failure to make contractual payments on a farm he had purchased from defendants Thomas Clayton, Bill Clayton, and Jim Clayton (the "Claytons"). Hammond filed a two count complaint in district court. Count I sought damages for the officers' allegedly unconstitutional actions pursuant to *Bivens v. Six Named Unknown Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Count II, which was asserted against both the officers and the Claytons, alleged that the officers tortiously interfered with the contractual relationship between Hammond and the Claytons. The Claytons filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the district court lacked jurisdiction over Count II and that Hammond's complaint failed to present a theory of legal recovery against them. In his response to the Claytons' motion to dismiss, Hammond asserted that the Claytons were necessary parties under Fed.R.Civ.P. 19(a). The district court dismissed the Claytons on jurisdictional grounds and found that the Claytons were not necessary parties to the action. For the reasons discussed below, we affirm the district court's decision to dismiss the Claytons.

I.

We review the district court's grant of the motion to dismiss *de novo*, accepting as true the factual allegations of the complaint and drawing all reasonable inferences in favor of the plaintiff. *See, e.g., Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir.1995). Hammond alleges that the defendant federal officers maliciously prosecuted him by fabricating evidence and coercing various witnesses to

make statements implicating him in a conspiracy to distribute marijuana. On the basis of this false information, the officers secured a grand jury indictment of Hammond on December 18, 1991; and on November 17, 1992, the United States filed a complaint seeking the forfeiture of Hammond's 329 acre farm, alleging that it had been used as an instrumentality of the conspiracy. On November 25, 1992, subsequent to the filing of the forfeiture complaint, the government seized Hammond's farm.[1] According to Hammond, the officers knowingly fabricated this evidence for the purpose of seizing his farm.

In January of 1986, Hammond had entered into a contract to purchase the farm from the Claytons. The farm was sold for $181,500, and the contract called for annual payments to the Claytons of $18,794.92. As a result of the seizure of his farm, the forfeiture action against the farm, and his defense against the allegedly false criminal charges, Hammond was unable to make the annual payment due in March of 1993. Hammond has not made any payment on the farm since that time. On May 17, 1993, the Claytons filed a foreclosure action in Illinois Circuit Court. The United States removed the foreclosure action to the district court that was hearing the criminal and forfeiture actions. That court stayed the forfeiture and foreclosure actions pending resolution of the criminal charges. On June 24, 1994, the district court dismissed all criminal charges against Hammond with prejudice.[2] The court subsequently dismissed the forfeiture action on July 12th and remanded the foreclosure action to state court effective August 12, 1994.

On August 11, 1994, Hammond filed the current action in district court. Count I of the First Amended Complaint asserts a violation of his Fourth, Fifth, and Sixth Amendment rights stemming from the officers' false and malicious prosecution of him. This count seeks recovery under *Bivens* for Hammond's various constitutional injuries and names only the officers as defendants. Count II presents a state law claim, alleging that the officers, through their prosecution of Hammond, tortiously interfered with the contract between Hammond and the Claytons by causing Hammond to default on his farm payments. Count II includes the Claytons as defendants along with the officers and asks the court to hold the officers liable for any remedies the Claytons obtain for the default.

On August 16, 1994, five days after Hammond filed his complaint and four days after the foreclosure action had been remanded to state court, Hammond filed a notice to remove the foreclosure action to the district court. Following the Claytons' objection to removal, the district court denied removal, determining that it would not have had original jurisdiction over the foreclosure action. In addition to objecting to removal of the foreclosure action, the Claytons filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6), basically arguing that the complaint did not state a theory of recovery against them. In his response to the motion to dismiss, Hammond maintained that the district court should exercise supplemental jurisdiction over the claim for tortious interference pursuant to 28 U.S.C. § 1367. Hammond also argued that the Claytons were "necessary parties" to the action, who were required to be joined under Rule 19(a). The district court granted the Claytons' motion to dismiss, finding that the Claytons were not "pendent party defendants" because Hammond made no claim against them. Moreover, the district court found that the Claytons were not parties required to be joined under Rule 19(a). On appeal, Hammond challenges the district court's dismissal of the Claytons for lack of

---

1. Apparently, the government permitted Hammond to remain on his property pursuant to a lease agreement.

2. The original indictment charged Hammond with a single count of conspiracy to distribute marijuana. The United States later amended the indictment to include three separate counts: (1) conspiracy to manufacture and distribute marijuana, (2) manufacturing marijuana, and (3) money laundering. Hammond was tried before a jury on the three count indictment, and the jury acquitted Hammond of counts (2) and (3). The jury, however, could not reach a decision on the conspiracy charge. The district court then declared a mistrial on the conspiracy count and dismissed the count with prejudice.

subject matter jurisdiction and the court's denial of Hammond's attempt to join the Claytons as necessary parties under Rule 19(a). Hammond does not appeal the district court's refusal to permit the removal of the foreclosure action.

## II.

Hammond argues that the district court erred by refusing to exercise supplemental jurisdiction over the Claytons. The relevant statute, 28 U.S.C. § 1367(a), states:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Hammond maintains that the district court had original jurisdiction over the *Bivens* action and was therefore vested with supplemental jurisdiction over the related claim for tortious interference. Section 1367 "extends the jurisdiction of the federal district court to all *claims* sufficiently related to the claim on which its original jurisdiction is based to be part of the same case or controversy within the meaning of Article III. . . ." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1181 (7th Cir.1993) (emphasis added). Hammond's claim for tortious interference, however, is directed against the officers, not the Claytons. He alleges no injury at the hands of the Claytons, nor does he request any relief from the Claytons. As Hammond

has made no claim against the Claytons, the district court properly dismissed the Claytons as defendants in this case.[3] We express no opinion regarding whether Hammond's claim against the federal officers for tortious interference falls within the district court's supplemental jurisdiction.

■ Hammond appears to believe that the Claytons were "pendent party defendants" because they suffered a loss for which Hammond may be liable. Hammond, however, misunderstands the concept of pendent party jurisdiction. The supplemental jurisdiction statute embraces and consolidates what had formerly been known as the separate concepts of "pendent claim," "pendent party," and "ancillary" jurisdiction. *See, e.g., Brazinski*, 6 F.3d at 1181–82; *Krueger v. Cartwright*, 996 F.2d 928, 933 n. 6 (7th Cir.1993).[4] Pendent party jurisdiction referred to the situation where a federal court exercised jurisdiction over claims involving parties not named in any independently cognizable federal claim. *Finley v. United States*, 490 U.S. 545, 556, 109 S.Ct. 2003, 2010–11, 104 L.Ed.2d 593 (1989); *Bernstein v. Lind–Waldock & Co.*, 738 F.2d 179, 187 (7th Cir.1984). Thus, if a plaintiff asserted a federal law claim against one defendant, pendent party jurisdiction allowed the plaintiff to bring a related but jurisdictionally insufficient state law claim against an additional "pendent party" defendant. This caselaw clearly presupposes the existence of a claim by a pendent party plaintiff or against a pendent party defendant. *See, e.g., Brazinski*, 6 F.3d at 1181 (pendent party plaintiff); *Bernstein*, 738 F.2d at 187 (pendent party defendant). There is simply no support for Hammond's position that, because the Claytons suffered a loss for which Hammond could be liable, the district court could exercise pendent party jurisdiction over the Claytons, regardless of

---

**3.** At first glance, it may appear that the claim against the Claytons should have been dismissed for failure to state a cause of action rather than on jurisdictional grounds. We note that, in an analogous situation, the Supreme Court has recognized that an essentially fictitious claim—one "completely devoid of merit"—cannot provide a basis for federal question jurisdiction. *See, e.g., Hagans v. Lavine*, 415 U.S. 528, 542–43, 94 S.Ct. 1372, 1381–82, 39 L.Ed.2d 577 (1974). In this case, Hammond has not even attempted to pres-

ent a claim against the Claytons. The district court could not exercise supplemental jurisdiction over what is, in essence, a nonexistent claim.

**4.** Congress enacted § 1367 in 1990 in response to the Supreme Court's decision in *Finley v. United States*, 490 U.S. 545, 556, 109 S.Ct. 2003, 2010–11, 104 L.Ed.2d 593 (1989), which held that federal courts had no jurisdiction over pendent party claims.

Hammond's failure to present a claim against them.

■ Hammond next contends that the Claytons should be joined under Fed. R.Civ.P. 19(a).[5] This rule provides:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a). Rule 19 is designed to protect the interests of absent persons, as well as those already before the court, from duplicative litigation, inconsistent judicial determinations, or other practical impairment of their legal interests. *See CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 911 (9th Cir.1991); 7 CHARLES A. WRIGHT, ARTHUR R. MILLER AND MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1602 at 21 (2d ed. 1986).

Hammond maintains that, because he might lose his farm to the Claytons, he cannot obtain "complete relief" from the officers without joinder of the Claytons. In his complaint, however, Hammond asked for money damages for the officers' actions and a declaration that the officers are liable for any remedies the Claytons can obtain for Hammond's default. If Hammond prevails on his *Bivens* action and his claim for tortious interference, his damages award would reflect any loss of property caused by the officers. Because Hammond could gain the relief he requested without joinder of the Claytons, "complete relief" could be accorded between Hammond and the officers. *See, e.g., Perrian v. O'Grady*, 958 F.2d 192, 196 (7th Cir. 1992) (finding complete relief where plaintiff could obtain relief requested in complaint). In any event, Hammond has failed to demonstrate how joining the Claytons in this action could prevent the loss of his farm.[6]

Hammond fares no better under the second prong of Rule 19(a), which applies where an absent person claims an interest relating to the litigation and, if the person is not joined, "the interest[ ] of the absent party will be prejudiced or the persons already parties will be subject to a substantial risk of incurring inconsistent obligations." *Tillman v. City of Milwaukee*, 715 F.2d 354, 358 (1983). The only interests that the Claytons claim are their rights under their land sale contract with Hammond. Importantly, the parties in this suit do not dispute that the Claytons hold equitable title to the farm; the ownership of the farm is not at issue. *Cf. Doty v. St. Mary Parish Land Co.*, 598 F.2d 885 (5th Cir.1979) (finding mineral lessees should be joined under Rule 19(a) because title of land was at issue). The current action concerns the allegedly unconstitutional and tortious conduct of the federal officers and their liability to Hammond for damages they caused him to suffer, including his potential loss of the farm. Thus, while the Claytons' interests may very well relate to the subject matter of the current action, the Claytons' rights will not be prejudiced absent their joinder. In fact, the Claytons assert that they will be prejudiced by joining them in this action. The Claytons maintain that their presence in this suit has delayed the resolution of their foreclosure action and thereby jeopardized their right to complete

---

5. The district court treated Hammond's memorandum in response to the motion to dismiss as including a motion to join the Claytons. We shall do the same.

6. In addition, we note that Hammond has not pointed to any caselaw indicating that the allegations in the current suit would provide him with a defense to the Clayton's state court foreclosure action. Indeed, under Illinois law, "the equities which may be interposed as a defense to foreclosure must arise out of the transaction in which the note and mortgage were given." *Northern Trust Co. v. Halas*, 257 Ill.App.3d 565, 195 Ill.Dec. 850, 856, 629 N.E.2d 158, 164 (1993).

payment under the land sale contract. Hammond offers no persuasive reason why we should disregard the Claytons' assessment of their own interests. Additionally, the absence of the Claytons will not subject the current parties to a substantial risk of incurring inconsistent obligations. The officers are either liable or not liable to Hammond for their allegedly unconstitutional and tortious actions. Accordingly, the Claytons are not subject to joinder under Rule 19(a).[7]

For the foregoing reasons, we AFFIRM the district court's judgment.

---

7. Hammond confusingly asserts that our decision will lead to a waste of judicial resources because he could bring a claim for malicious prosecution against the officers in state court and seek damages for any liability he might have to the Claytons. While we recognize that one of the purposes of Rule 19 is to avoid the waste of judicial resources, *see Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir.1990), Hammond's argument amounts to nothing more than a threat to file a duplicative claim and does not relate to the Claytons' absence from this action. Moreover, the state court and district court undoubtedly would not permit the two malicious prosecution claims to proceed concurrently.