**Phillip K. WILLIAMS and Barbara L. Williams, Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**No. 96–3087.**

United States District Court, C.D. Illinois, Springfield Division.

Aug. 15, 1997.

R. Stephen Scott, Springfield, IL, for plaintiffs.

James A. Lewis, Springfield, IL, Christine A. Grant, Washington, DC, for defendant.

## OPINION

RICHARD MILLS, District Judge:

... [T]he words of such an act as the Income Tax ... merely dance before my eyes in a meaningless procession; cross-reference to cross-reference, exception upon exception—couched in abstract terms that offer no handle to seize hold of—leave in my mind only a confused sense of some vitally important, but successfully concealed, purport, which it is my duty to extract, but which is within my power, if at all, only after the most inordinate expenditure of time [1].

## I. FACTS

Plaintiffs timely filed their 1987 tax form therein reporting income from B & H Shipping Associates VI, L.P. and B & H Shipping Associates VII, L.P., limited partnerships. Against the 1987 income reported for the limited partnerships the taxpayers applied unused loss carryovers from 1 985 and 1 986. On behalf of the Limited Partnerships, the Tax Matters Partner executed extensions of the statute of limitations for the years 1983 through 1986 but not for 1987. The IRS accepted settlement agreements on May 29, 1992 for the tax years ending 1983, 1984, 1985 and 1986 under which the partners agreed to limit the losses for those years to amounts below the figures allowable. Thus, there were no longer any unused portions of the allowable losses available to carry over into 1987. On May 26, 1993 the IRS issued a "Notice of Tax Due on Federal Tax Return" for the balance owed on Plaintiffs' 1987 tax year. Plaintiffs protested the additional assessment. On September 13, 1993, the IRS responded to Plaintiffs' protest indicating that the adjustment made to the 1987 tax return was computational and that "it is not necessary for you to take any further action on this issue." However, the letter also outlined the basis of the assessment and bills were sent to the Plaintiffs indicating monies due. Relying on this letter, Plaintiffs made no additional payment. On November 1, 1993 the IRS sent Plaintiffs a "Reminder" notice claiming amounts unpaid. Plaintiffs replied indicating that they had relied on the September 13 letter in not paying any additional sums. On November 23 the IRS mailed a letter apologizing for the confusion its prior letter caused and stated that the balance was due from "the adjusted and affected 1986 carryover." On June 9, 1995 Plaintiffs paid the assessment to the IRS and filed a Claim for Refund and Request For

---

1. Judge Learned Hand, *The Spirit of Liberty: Papers and Addresses of Learned Hand* 213 (I. Dillard ed.1960).

Abatement, Form 843. The IRS disallowed the claim for refund on January 22, 1996 and indicated that if Plaintiffs desired to sue to recover the tax they could file a lawsuit with the United States District Court. On April 2, 1996, the Plaintiffs filed a Motion for Summary Judgment.

The Defendant in its Motion to Dismiss presents three issues to be determined by the Court: (1) Whether the United States District Court has subject matter jurisdiction of Plaintiffs' claim for a refund; (2) Whether an estoppel claim can be made out to support the Plaintiffs' claims; (3) Whether the IRS made the 1987 tax assessment within the appropriate time period.

Plaintiff's Motion for Summary Judgment and Defendant's Motion to Dismiss raise the same substantive issues. However, as the Defendant's Motion to Dismiss is allowed, Plaintiffs' Motion for Summary Judgment becomes moot thus rendering separate treatment of the Motion for Summary Judgment unnecessary.

## II. LEGAL STANDARD

In ruling on a motion to dismiss, the Court must accept "as true the factual allegations of the complaint" and must draw "all reasonable inferences in favor of the plaintiff." *Hammond v. Clayton,* 83 F.3d 191, 192 (7th Cir.1996). At a minimum, a complaint must contain allegations regarding each material element necessary to recovery under a viable legal theory. *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984), *cert. denied,* 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985). Courts will not grant a motion to dismiss under Fed.R.Civ.P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

## III. ANALYSIS

### A. *Jurisdiction*

■ Contrary to the Government's assertion, the question of jurisdiction is of primary concern to this Court. If this Court lacks subject matter jurisdiction, it may not rule on the merits of the case. This so regardless of the merits of the particular case. *See*

*Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280,1282 (7th Cir.1986) (discussing the importance of finding subject matter jurisdiction before ruling on the merits of a case.)

The question here is whether 26 U.S.C. § 7422(h) is a jurisdictional bar to the Court entertaining Plaintiffs' action for a refund. Section 7422(h) states: "No action may be brought for a refund attributable to partnership items (as defined in section 6231(a)(3)) except as provided in section 6228(b) or section 6230(c)." Section 7422(h) states a general rule (that a taxpayer cannot bring an action for a refund attributable to partnership items) and then specifies two exceptions where such a claim may be allowed. The Defendant argues that the Court does not have jurisdiction to entertain Plaintiffs' claim because it is out of time under the exceptions specified.

However, in focusing on § 7422(h) and its exceptions, the Government overlooks § 6231(b)(1)(C) which renders § 7422(h) inapplicable. That section provides that: " . . . the partnership items of a partner for a partnership taxable year shall become non-partnership items as of the date the Secretary enters into a settlement agreement with the partner with respect to such items."

In *Alexander v. United States,* 44 F.3d 328 (5th Cir.1995), the IRS argued that § 7422(h) deprived the district court of jurisdiction over the refund claim even though the partners and the IRS had entered into a settlement agreement. The Fifth Circuit held that "[b]ecause the purpose of section 7422(h) is evidently to prevent an individual partner's refund action from interfering with the partnership level determination of partnership items, that bar becomes unnecessary when the partnership level proceeding has in some sense concluded." 44 F.3d at 331. One way in which the partnership level proceeding can be concluded is by a settlement between the IRS and the partnership under § 6231(b)(1)(C). Citing that section, the Fifth Circuit rejected the Government's jurisdiction argument.

Defendant attempts to rebut *Alexander* by arguing that § 7422(h) is self-contained and that the Plaintiffs cannot avoid its impact by

resorting to other provisions of the tax code. Thus, Defendant claims that § 7422(h) incorporates § 6231(a)(3) but not § 6231(b)(1)(C). Defendant also claims that applying the holding of Alexander renders the exceptions to § 7422(h) unnecessary. Specifically, the Defendant contends that because the two exceptions to § 7422(h) both concern partnership items that have been converted into nonpartnership items, they would be rendered unnecessary by the *Alexander* court's ruling.

This would seem to be the case if all converted nonpartnership items were outside the scope of § 7422(h) because the two exceptions to § 7422(h) both deal with partnership items that have been subject to settlements. As the Court of Federal Claims in *Stephen S. Olson v. United States,* 37 Fed.Cl. 727 (1997) concluded, this fact can lead to two possible conclusions: (1) that this section of the tax code is hopelessly ambiguous, or, (2) that the specific exceptions listed in § 7422(h) are included for purposes of clarity not substance. 37 Fed. Cl. at 739.

Either of these interpretations is equally plausible. "That our tax laws can at times be in such disarray is a discomforting thought." *Commissioner v. Estate of Hubert,* —— U.S. ——, ——, 117 S.Ct. 1124, 1134, 137 L.Ed.2d 235 (O'Connor J. concurring) (1997).

■ However, given the latent ambiguity of the exclusive nature of § 7422(h) and the judicial authority cited, the Court finds for the Plaintiffs and does not hold that § 7422(h) acts as a bar to jurisdiction as regards settled partnership items that do not fall under § 6228(b) or § 6230(c).

The settlement agreement between the IRS and the partnership occurred in May 1992. Normal refund provisions apply. Thus, under § 6511, " . . . a claim for credit or refund of an overpayment of any tax . . . shall be filed by the taxpayer within three years from the time the tax was paid." Plaintiffs paid the assessed tax in June 1995. Plaintiffs thus filed a timely claim for a refund.

*B.   Estoppel*

Plaintiffs claim that the statement of an IRS agent in a letter dated September 1993 in which Plaintiffs were told that no further action on their behalf was necessary negates any obligation Plaintiffs may have to pay the 1987 liability.

This argument raises two issues: firstly, whether the doctrine of estoppel is applicable and secondly, whether such an estoppel is possible on the facts pleaded.

■ The traditional elements of estoppel are: (1) misrepresentation by the party against whom the estoppel is asserted; (2) the aggrieved party reasonably relied on the statements of the party against whom he is asserting estoppel; (3) the reliance was to the detriment of the aggrieved party. *Kennedy v. United States,* 965 F.2d 413, 417 (7th Cir.1992).

However, this case involves a claim of estoppel against the United States government. The elements of estoppel as applied to a statement by a government agent which purportedly waives obligations to the government are more stringent than the normal ones. " . . . [I]t is well established that the Government may not be estopped on the same terms as any other litigant." *Heckler v. Community Health Services,* 467 U.S. 51, 60, 104 S.Ct. 2218, 2224, 81 L.Ed.2d 42 (1984).

■ The Seventh Circuit Court in *Portmann v. United States,* 674 F.2d 1155, 1167 (1982), approved the Ninth Circuit decision of *TRW, Inc. v. Federal Trade Com.,* 647 F.2d 942 (1981), which set five requirements for establishing equitable estoppel against the Government: "First, the party to be estopped must know the facts. Second, this party must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has a right to believe it is so intended. Third, the party asserting estoppel must have been ignorant of the facts. Finally, the party asserting estoppel must reasonably rely on the other's conduct to his substantial injury." 647 F.2d at 950–951. In addition, the Ninth Circuit noted that the government action must have amounted to affirmative misconduct which the court defined as "something more than mere negligence." 647 F.2d at 951.

■ Plaintiffs rely on a letter of September 1993 in which an IRS agent said the Plaintiffs did not have to take any further

action. However, the letter also outlined the basis of the assessment and bills were sent to Plaintiffs indicating that they had an obligation to pay the tax due. In addition, a second letter in November of that year clarified the miscommunication and apologized for any confusion caused.

Plaintiffs claim that this second letter was received very late into the sixth month period for refund claims under § 6230(c)(2)(A), causing the Plaintiffs to miss the deadline, and that as a result the Defendant now asserts that the District Court has no jurisdiction to hear the case,

The jurisdiction of this Court to hear this case does not, however, rest on § 6230(c)(2)(A). As detailed above, the Court's subject matter jurisdiction in this case comes from § 6231(b)(1)(C), which converts partnership items into nonpartnership items when there is a settlement agreement and which in turn means that the normal three year time limit under § 6511 applies.

Based on the facts they have pleaded in their complaint, Plaintiffs cannot establish anything more than mere negligence nor have they identified a substantial injury as a result of the IRS' September 1993 letter. The alleged estoppel is not made out on the facts.

*C. Was the 1987 tax assessment made within the appropriate time period?*

Plaintiffs say that they filed their 1 987 tax return in 1988 and that the statute of limitations as regards the 1987 tax year was not extended. The Plaintiffs thus claim that the May 26, 1993 tax assessment made for the 1 987 tax year was out of time.

The general rule is found in § 6501: "... [T]he amount of any tax imposed by this title shall be assessed within 3 years after the return was filed ... no proceeding in court ... shall be begun after the expiration of such period." However, the general rule does not apply to this case. The May 1993 IRS notice for additional tax for the 1987 tax year was due to the disallowance of unused loss carryovers from 1985 and 1986. The losses and loss carryovers from 1 985 and 1986 were part of a settlement agreement accepted by the IRS on May 29, 1992. Less than a year later, the IRS assessed additional tax for the 1987 tax year.

The general rule is, indeed, as stated in § 6501. However, § 6501(n)(2) states that "for extension of period in the case of partnership items (as defined in section 6231(a)(3)), see section 6229." Section 6231(a)(3) defines partnership items as "any item required to be taken into account for the partnership's taxable year." The loss carryovers from 1985 and 1986 are such items. Section 6501 thus directs the court to § 6229. Section 6229(f) states that "if, before the expiration of the period ... with respect to the partnership items of a partner ... such items become nonpartnership items by reason of 1 or more of the events described in subsection (b) of section 623 1, the period for assessing any tax ... attributable to such items ... shall not expire before the date which is 1 year after the date on which the items become nonpartnership items."

Whether the time period specified in § 6229(f) applies depends on whether the partnership items become nonpartnership by virtue of § 6231(b). Section 6231(b)(1)(C) specifies that partnership items become nonpartnership items by virtue of a settlement agreement. In this case, the IRS entered into a settlement agreement with the Plaintiffs on May 29, 1992. Accordingly, the IRS had 1 year from May 29, 1992 in which to file a claim for additional tax due under the settlement. The IRS did so on May 26, 1993. The tax assessment for 1987 is thus timely.

## IV. CONCLUSION

Plaintiffs' Motion for Summary Judgment and the Defendant's Motion to Dismiss raise the same substantive issues: (1) Does the Court have subject matter jurisdiction? (2) Can an estoppel argument be used to negate the Plaintiffs' liability? (3) Was the 1987 tax assessment timely? However, as the Defendant's Motion to Dismiss is allowed, Plaintiffs' Motion for Summary Judgment becomes moot.

The Court finds that it has subject matter jurisdiction over items that have been converted by settlement into nonpartnership items, the elements of estoppel cannot be

established on the facts as alleged by the Plaintiffs and that the 1987 tax assessment was timely as the assessment had to be made within one year from the date the items became nonpartnership.

*Ergo,* Defendant's Motion to Dismiss is ALLOWED. Plaintiffs' Motion for Summary Judgment is DENIED as being moot.