WASILEVICH CONSTRUCTION COMPANY, Plaintiff-Appellee, v. LA SALLE NATIONAL BANK, as Trustee, *et al.*, Defendants-Appellees (Lyons Electric Company, Counterplaintiff-Appellant; Wasilevich Construction Company *et al.*, Counterdefendants-Appellees).

First District (6th Division) No. 1—91—1233

Opinion filed December 13, 1991.

Lawrence, Kamin, Saunders & Uhlenhop, of Chicago (David E. Muschler, of counsel), for appellant.

Stanley M. Cahn and Susan E. Woods, both of Chicago, for appellees.

PRESIDING JUSTICE RAKOWSKI delivered the opinion of the court:

Counterplaintiff-appellant Lyons Construction Company (Lyons) filed a petition to intervene and a counterclaim in a mechanics' lien foreclosure action. The trial court denied the petition as untimely under the provisions of the Illinois Mechanics' Lien Act (Ill. Rev. Stat. 1989, ch. 82, par. 1 *et seq.*), which order Lyons appeals.

Lyons was a subcontractor to Wasilevich Construction Company (Wasilevich), the general contractor, for electrical work performed for defendant-appellee Zonta International Foundation (Zonta) in Chicago,

Illinois. Disputes arose between Wasilevich and Zonta regarding payment, and on December 28, 1988, Wasilevich filed a complaint for foreclosure of mechanics' lien and other relief.

Because jurisdiction is at issue, a brief chronology of events becomes necessary. Though Lyons had filed a claim for lien against the project on December 12, 1988, Lyons was not made a party-defendant to the Wasilevich action. Lyons' claim for lien was in the amount of $17,396 and stated that the completion date for Lyons' work was October 4, 1988. On October 3, 1990, Lyons filed its appearance and petition to intervene in the Wasilevich action. Attached to the petition was a counterclaim. The hearing on Lyons' petition was noticed for October 25, 1990. After Lyons and Zonta briefed the matter, the trial court denied Lyons' petition to intervene. The date of the trial court's judgment order was December 28, 1990. The Wasilevich action was dismissed via agreed order on March 11, 1991. Lyons filed its notice of appeal from the December 1990 order on April 5, 1991.

The first issue we address is whether we have jurisdiction to hear this appeal. Counterdefendants-appellants Zonta and Citicorp filed a motion to dismiss appeal on June 19, 1991. Appellants dispute our jurisdiction due to the failure of Lyons to file its notice of appeal within 30 days of the trial court's entry of judgment denying Lyons leave to intervene. There is no dispute that Lyons appealed the denial of its petition to intervene within thirty days of the termination of the litigation.

There appears to be a split of authority on whether the denial of a petition to intervene is a final and appealable order under Supreme Court Rule 301 (134 Ill. 2d R. 301) or rather that such denial falls within the ambit of Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) so as to require an express Rule 304(a) finding in order to give an appellate court jurisdiction. It appears that the majority of authority concludes that an express Rule 304(a) finding is required in order to give the appellate court jurisdiction. See *Velde Ford Sales, Inc. v. John Bearce Ford, Inc.* (1990), 194 Ill. App. 3d 951, 551 N.E.2d 808; *Chicago, Milwaukee, St. Paul & Pacific R.R. Co. v. Harris Trust & Savings Bank* (1978), 63 Ill. App. 3d 1012, 380 N.E.2d 835; but see *Koester v. Yellow Cab Co.* (1974), 18 Ill. App. 3d 56, 309 N.E.2d 269; *Crown Transit Lines, Inc. v. Veterans Travel Club of Western Illinois University* (1973), 15 Ill. App. 3d 116, 303 N.E.2d 142.

■ However, we need not address the broad issue of whether the denial of a petition for leave to intervene generally is appealable under Rule 301 or Rule 304(a). This is so due to the unique circumstances of this case, where a statute provides that upon the filing of a petition to intervene, the claimant becomes a party to the action. In *Koester*, for

instance, the court held that Rule 304(a) would not apply due to the fact that the would-be intervenor was not "yet a party to the proceedings." (*Koester*, 18 Ill. App. 3d at 61.) Here, as will be discussed, Lyons became a party to the proceedings upon the filing of the petition to intervene, and thus due to the lack of a Rule 304(a) finding on the order denying Lyons leave to intervene, it did not become appealable until the entire action was terminated. Accordingly, we have jurisdiction.

We next address the issue of whether the trial court erred in denying Lyons' petition to intervene.

Section 9 of the Illinois Mechanics' Lien Act (the Act) provides in pertinent part:

"If payment shall not be made to the contractor having a lien by virtue of this act of any amount due when the same becomes due, then such contractor may bring suit to enforce his lien in the circuit court in the county where the improvement is located ***. Any two or more persons having liens on the same property may join in bringing such suit, setting forth their respective rights in their complaint; all lien claimants not made parties thereto may upon filing a petition to intervene become defendants and enforce their liens by counterclaim against all the parties to the suit ***. Such suit shall be commenced or counterclaim filed within two years after the completion of the contract, or completion of the extra or additional work, or furnishing of extra or additional material thereunder." (Ill. Rev. Stat. 1989, ch. 82, par. 9.)

The Act "shall be liberally construed as a remedial act." Ill. Rev. Stat. 1989, ch. 82, par. 39.

The object and purpose of the lien laws "is to protect those who in good faith furnish materials for the construction of buildings, and such persons ought not by a strict construction [of the lien laws be] deprived of this remedy." (*Granite City Lime & Cement Co. v. Board of Education of School District No. 126* (1916), 203 Ill. App. 134, 140.) The Act contemplates one cause of action arising out of property disputes for the benefit of owners. See *Granquist v. Western Tube Co.* (1909), 240 Ill. 132; *Bingaman v. Dahm* (1940), 307 Ill. App. 432.

Section 2—408 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—408) provides in part: "(a) upon timely application anyone shall be permitted as of right to intervene in an action: (1) when a statute confers an unconditional right to intervene." Section 2—408 further provides that "[a] person desiring to intervene shall present a petition setting forth the grounds for intervention, accompanied by the initial pleading or motion which he or she proposes to file." (Ill. Rev. Stat. 1989, ch. 110, par. 2—408(e).) Section 12 of the Act provides that

"the rules of practice and proceedings in such cases shall be the same as in other civil cases, except as otherwise provided in this act." Ill. Rev. Stat. 1989, ch. 82, par. 12.

In this case, it is not controverted either that Lyons is a lien claimant to whom the Act applies or that the filing of the counterclaim took place within two years of the completion date of the work, which the Act requires. What is disputed is whether Lyons must have been *granted* leave to intervene within the two-year period the Act requires. In arguing that Lyons was not entitled to proceed due to untimeliness, respondents argue that Lyons' mere filing of its petition to intervene did not constitute actual intervention, and section 9 of the Act requires actual intervention to take place prior to expiration of the two-year period. Respondents rely on the language of section 9 and on general law applying to intervention and cite no case law or other authority on point in support of their arguments.

While respondents argue that a timely and effective commencement of suit and intervention should be required of defendant, they rely on authority which does not involve a specific time period named in a statute and point to no particular defect in Lyons' petition or counterclaim. Respondents acknowledged at oral argument that the purpose of this black-letter law is to avoid inconvenience to the court. Yet respondents also admitted that the trial court made no finding of inconvenience to the court, and respondents have not advanced the argument that such inconvenience was present in the court below. The case of *Well Done Heating & Sheet Metal Co. v. Ralph Schwartz & Associates* (1983), 112 Ill. App. 3d 438, 445 N.E.2d 451, cited by respondents for the proposition that the Act should be strictly construed "as to what a lien claimant must do to perfect his right to a mechanics lien," is distinguishable in that *Well Done Heating* involved the filing of a counterclaim *outside of* the two-year period. Here, the timeliness of the counterclaim is unchallenged.

Neither the construction the appellees apply to section 9 of the Act nor the general intervention statute supports the denial of intervention. Section 9 provides that nonparty lien claimants "may upon filing a petition to intervene become defendants and enforce their liens by counterclaim." (Ill. Rev. Stat. 1989, ch. 82, par. 9.) While section 9 provides that a lien claimant "may" file a petition to intervene, this appears to apply as to how the lien claim shall be effectuated (*e.g.*, by the filing of separate suit or by petition to intervene and filing of counterclaim). Appellees argue that section 2—408(e), which should be read in conjunction with section 9 of the Act, speaks of pleadings the intervenor "proposes" to file. Thus, according to appellees, the granting of a petition to inter-

vene is always an unsure result. Section 2—408(e)'s reference to the intervenor presenting the initial pleading or motion the intervenor "proposes" to file, however, adds little to the question of whether Lyons' actions were timely under section 9 of the Act. Here we do not have at stake a typical petition for intervention, but rather a petition premised upon a specific statute which provides that upon the filing of the petition to intervene, the claimant becomes a party. As indicated, section 12 of the Act provides that the rules of practice and proceedings are the same in the lien action except as otherwise provided by the Act.

We note that were we to accept respondents' interpretation of section 9, there is no way to determine exactly when the petition must be filed. While here Lyons filed at the last opportunity, had Lyons filed a month or two previously, it is still not unlikely that, due to the often busy calendars of the trial courts, the petition may not have been ruled on within the two-year period provided for the filing of the counterclaim.

 Section 9 of the Act states that lien claimants not made a party to the foreclosure action "may *upon filing a petition to intervene become defendants* and enforce their liens." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 82, par. 9.) Section 9 further provides that the counterclaim must be filed within two years of, *inter alia*, the completion of the work. Here, Lyons' action of filing the petition to intervene and filing the counterclaim fits within the plain language of the Act. Lyons became a defendant pursuant to the statute and timely filed its counterclaim. Given that the Act is to be liberally construed, that the law contemplates one action only in a lien foreclosure proceeding as a benefit to owners, and given that the statute says nothing about the petition being granted within two years in order for the would-be intervenor to have a right to enforce its lien, we hold that the trial court's denial of Lyons' petition on the grounds stated was error.

Accordingly, the order of the trial court denying Lyons' petition is reversed and the cause is remanded.

Reversed.

McNAMARA and LaPORTA, JJ., concur.